**AEGEAN (SHIPBROKERS) LTD.**

v.

**HENRIKSEN'S REDERI A/S.**

No. 56–33–A.

United States District Court
D. Massachusetts.

Sept. 11, 1958.

Peabody, Kaufman & Brewer, Wm. Conant Brewer, Jr., Boston, Mass., for plaintiff.

Thomas H. Walsh, Boston, Mass., for defendant.

ALDRICH, District Judge.

This libel was brought to compel arbitration of a claim for damages allegedly owed petitioner as charterer of respondent's vessel Brede shortly after the conclusion of the charter. The vessel was attached, and released on stipulation. Respondent is a foreign corporation and had to post collateral before it could obtain a bond. After a hearing the arbitrators rejected all of petitioner's claims, and finding that petitioner had wrongfully withheld certain sums, awarded them to respondent. Respondent now seeks to confirm the award and to include in the final decree interest on the award from the termination date of the charter, court costs, bond premium, and interest on the cash collateral. There are also certain undisputed arbitration costs.

The arbitrators made no mention of interest on the award. I assume in respondent's favor that the question was not presented to them, rather than acted on and denied sub silentio. Nevertheless, a claim for interest is part of the asserted damages, Newburgh Land & Dock Co. v. Texas Co., 2 Cir., 227 F.2d

732, and respondent can not split its cause of action, and ask for interest in this court for the first time if it could have done so before. The inquiry must be what was the scope of permissible issues before the arbitrators.

■ After the action was commenced submission to the arbitrators was made voluntarily, without order of the court. Whether the court might have limited their authority, it did not, and the sole measure was the charter, which provided,

> "17. That should any dispute arise between Owners and the Charterers, the matter in dispute shall be referred to three persons at New York * * * ; their decision * * shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of Court."

This was a broad submission. Respondent cites no case which would suggest that it excluded the issue of the right to interest on the obligation, and I will not so hold.

■ A separate question, not raised by respondent, is whether it is entitled to interest on the award from the date thereof. This was a liquidated debt, and I see no reason why it should not carry interest. The Hartbridge, 2 Cir., 57 F. 2d 672, certiorari denied sub nom. Munson S.S. Line v. North of England S.S. Co., 288 U.S. 601, 53 S.Ct. 320, 77 L.Ed. 977.

■ Petitioner presents no sufficient reason why, as the losing party, it should not be liable for court costs. It follows that under Admiralty Rule 7, 28 U.S. C.A., it is also liable for the "reasonable premiums *or* expense paid on all bonds * * *". (Italics supplied.) Legal interest on the cash collateral would amount to many times the premium. Respondent cites The Europe, 9 Cir., 190 F. 475. The expense there recovered in addition to the premium was a disbursement incurred in arranging for the deposit of the collateral. I have some question about that decision. I would have thought the word "or" connoted an alternative—"expense" only when there was no "premium" as such. In any event, the two words must be somewhat comparable in scope. I hold both relate to actual disbursements. Respondent is not seeking interest it had to pay, but a purely hypothetical figure. Furthermore, the rule requires a showing of reasonableness. There is nothing to indicate respondent could not have deposited with the surety interest-bearing securities, or savings-bank books. It is not reasonable to charge petitioner for avoidable consequences.[1] Respondent's claim for interest is denied.

Counsel to submit decree in accordance with this opinion.

---

1. If it be said that legal and actual interest rates differ, this is a further demonstration that legal interest is not "expense."