**KEYSTONE SHIPPING COMPANY,
Libellant, Cross-Respondent,**

**v.**

**SS MONFIORE, her engines, tackle, etc.,
and Navigazione Alta Italia S.A., her
Owners, Respondents, Cross-Libellants.**

**No. 1937.**

United States District Court
S. D. Texas,
Houston Division.

Nov. 3, 1967.

Eikel & Goller, Robert Eikel, Houston, Tex., for libellant.

Royston, Rayzor & Cook, George W. Renaudin, Houston, Tex., for respondents.

*Memorandum:*

INGRAHAM, District Judge.

I.

This suit is now before the court on the motion of the libellant to recover the costs incurred as premiums for a $200,-000 stipulation to abide decree. Following a collision on February 15, 1961, in response to the request of the respondent, on March 24, 1961, the libellant posted the stipulation in question.

The Court of Appeals in a decision, Navigazione Alta Italia v. Keystone Shipping Co., reported at 365 F.2d 422 (5 C.A.1966), affirmed the decree of this court finding the Monfiore solely at fault in the collision and the stipulation was cancelled by an order of this court entered on November 16, 1966. The total premium paid for the stipulation amounted to $11,298. The respondent has refused to pay the premiums on the grounds

that any premiums in excess of $1,312.50 were unreasonable and that the libellant is therefore not entitled to recover them.

The pertinent facts reveal that the libellant paid the so-called manual or straight-line premium of $2,000 per annum instead of the lower indemnitized or collateralized rate of $1,312.50 for the first three years of the stipulation. The lower rate is obtained by depositing cash or securities with the surety company or by having the hull underwriters issue an "indemnity letter" to the surety company. The court finds that the libellant made no attempt to secure the lower rate though there was apparently nothing that would have prevented it from doing so had it so chosen.

The evidence further shows that on or about March 1, 1964, while the court had the decision of the case in chief under advisement, the respondent informed the libellant that it would agree to an order cancelling the stipulation if libellant would give respondent a letter of undertaking in which libellant agreed to abide the decree of the courts. This offer was refused by the libellant on or about April 6, 1964. Counsel for the libellant testified that the offer was rejected primarily for the purpose of deterring an appeal, notice of which had been given on April 3, 1964. There was no further communication concerning the substitution of an unsecured letter for the stipulation until settlement of damages and costs was being made after affirmance of this court's decree by the Court of Appeals.

The respondent attacks the awarding of costs against it for premiums on the stipulation on two grounds: The first is the failure of the libellant to attempt to obtain the collateralized or indemnitized premium rate; the second is the refusal of the libellant to agree to cancellation of the stipulation in April, 1964, in return for the libellant's unsecured letter agreeing to abide the decree of the courts.

## II.

■ The allowance of costs is a matter within the discretion of the court.

3 Benedict on Admiralty 229 (6th Ed. 1940). In determining whether costs should be awarded, their reasonableness is the principal consideration. Former Supreme Court Admiralty Rule 7 provided:

"If costs shall be awarded by the court to either or any party then the *reasonable* premiums or expense paid on all bonds or stipulations or other security given by that party in that suit shall be taxed as part of the costs of that party." (Emphasis added.)

Although the Admiralty Rules were replaced by the "consolidated" Federal Rules of Civil Procedure as of July 1, 1966, it is the opinion of this court that the test of reasonableness is still controlling on this question.

■ Applying the test of reasonableness to the facts of the instant case, the court holds that the libellant acted unreasonably in not obtaining the indemnitized premium rate on the stipulation in question. In the case of The Wolsum, 14 F.2d 371 (5 C.A.1926), the Court of Appeals held that there is a duty to mitigate costs and that a party may not recover all costs when he arbitrarily elects to use a more expensive form of security. Similarly, in American Hawaiian Ventures v. M. V. J. Latuharhary, 257 F.Supp. 622, at page 631 (D. N.J.1966), the court held:

"The respondents should not be allowed to recover the cost of avoidable consequences incurred in posting security if they could have spent less for a premium without indemnity than they ultimately spent for both the reduced premium and the indemnification."

In the instant case the libellant could have avoided paying the manual or straight-line premium by following the common practice of having his hull underwriters issue an "indemnity letter" to the surety company and it would be unjust to tax the respondent with the avoidable cost of the more expensive premium. See also Aegean (shipbrokers) Ltd. v. Henriksen's Rederi A/S, 165 F. Supp. 939 (D.Mass.1958).

This court is not holding that a party is under a duty to obtain the lower collateralized rate by depositing cash or securities with the surety company. It would be unreasonable to require a party to tie up his assets in order to minimize the other party's potential costs. Likewise, a party is not under a duty to substitute his letter of undertaking for a stipulation since it would be unreasonable to require a party to shift the risk of loss from his underwriters to himself.

In summary, the court holds that the libellant may recover as costs only that amount which would have been expended had the libellant paid the indemnitized premium rate from March 24, 1961, to November 16, 1966.