**KEYSTONE SHIPPING COMPANY,**
Appellant-Appellee,

v.

**SS MONFIORE, Her Engines, Tackle, Etc., and Navigazione Alta Italia, S. A., Her Owners, Appellees-Appellants.**

No. 26684.

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

April 18, 1969.

Robert Eikel, Eikel & Goller, Houston, Tex., for appellant Keystone Shipping Co.

George W. Renaudin, Royston, Rayzor & Cook, Houston, Tex., for appellee, cross-appellant, Navigazione Alta Italia, S. p. A.

Before BROWN, Chief Judge, THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

■ This controversy, before this Court on the merits in Navigazione Alta Italia v. Keystone Shipping Co., 5 Cir., 1966, 365 F.2d 422, is now back before us for determination on a rather large record, of a very small controversy—the recovery of bond premiums. The District Judge exercised his discretion in awarding costs. 275 F.Supp. 606. We find no abuse of discretion and affirm.[1]

■ The District Court found and we affirmed on the previous appeal that the S/S Monfiore owned by Alta Italia was alone responsible for the collision and ensuing damage. As is the custom in admiralty disputes, Keystone Shipping Company, the owner of the other vessel involved in the collision, and Alta Italia, both filed Stipulations to Abide Decree, to prevent their vessels from being seized. The stipulations in traditional form are executed by the claimant and a surety. They serve to provide protection to the plaintiff, and at the same time allow the continued operation of the vessel. Reasonable premiums paid to the surety are allowable as costs to the prevailing party. Here, Keystone, the prevailing party, seeks to recover the full amount ˙it˙ actually paid in premiums, $11,289. After an evidential hearing, which included surety practices, the District Court allowed recovery only at the fully "collateralized" premium rate of $3,939.50, finding that Keystone had made no attempt to secure the lower rate although there was nothing that would have prevented it from doing so by simply having the shipowner's underwriter give the usual letter of indemnity. Courts ought to encourage, not discourage, such savings in useless costs so we find it easy to say that the District Court did not abuse its discretion in refusing to award the "straight line" rate.

■ Not to be outdone, Alta Italia also appeals, claiming that the Trial Court erred in allowing recovery for premiums incurred after March 24, 1964. On that date Alta Italia offered to accept a letter of indemnity from Keystone in place of the Stipulation to Abide Decree. Alta's position here is that Keystone was bound to accept that offer. The Trial Judge, again exercising his discretion, refused to buy that bald assertion. So do we. Without doubt a Judge, acting as a seagoing chancellor, Guillot v. Cenac Towing Co., 5 Cir., 1966, 366 F.2d 898, 904, could exert his discretion in a way to require a party to provide or accept alternative security under proper conditions of safety but he need not.

The judgment of the District Court is in all respects affirmed with the costs on this appeal assessed equally against each party.

Affirmed.

---

1. Under Rule 18 the Court has placed this case on the Summary Calendar for disposition without oral argument. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804.