The CITIZENS BANK, VALLEY HEAD,
ALABAMA, an Alabama
corporation, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 82–AR–0431–M.

United States District Court,
N.D. Alabama, M.D.

March 15, 1983.

Frank W. Donaldson, Caryl P. Privett, Birmingham, Ala., Karl L. Kellar, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

Lee H. Zell, Marvin Campbell, Berkowitz, Lefkovits & Patrick, Birmingham, Ala., for plaintiff.

## MEMORANDUM OPINION

ACKER, District Judge.

This cause is before the Court upon plaintiff's application for attorneys' fees and expenses pursuant to the Equal Access to Justice Act (EAJA), enacted as Title II (§§ 201–208) of the Small Business Export Expansion Act of 1980, Pub.L. 96–481, 94 Stat. 2325, codified as 28 U.S.C. § 2412.

The basic purpose of the EAJA, as its name implies, is to equalize private litigants with Uncle Sam so that Uncle Sam's logistical capability cannot be used to oppress or to hassle his opponents in court without risk to the budget of the particular department or federal agency involved. One of the fathers of this new public policy was Senator James B. Allen, who believed in fair play and believed that the EAJA concept would be a way of accomplishing it when the federal government is a litigant. Senator Howell Heflin, and others, picked up on the idea after Senator Allen's death, and obtained the enactment of the EAJA in 1980. Alabama, with two of its senators playing a role in its enactment, has a peculiar stake in the success of this legislation. Will it achieve its avowed purpose, or is it to simply be a temporary gnat, bothersome for a moment to the government, but to be judicially emasculated and swatted into oblivion? The EAJA is so new on the books that there is, as yet, no real judicial expression on its meaning and application. It can have real effect or not, depending on what the federal courts do with it or to it.

This cause is one in which Citizens Bank sought recovery of an Internal Revenue Service deficiency assessment paid with respect to calendar years 1977 and 1978. On September 28, 1982, this Court entered summary judgment in the amount of $31,542.45, plus interest, in favor of plaintiff, and simultaneously denied the United States' cross-motion for summary judgment. The IRS gave notice of appeal to the Eleventh Circuit, but then voluntarily dismissed its appeal. As the prevailing party, Citizens Bank timely moved for an award of attorneys' fees and expenses. The United States opposes the motion. Specifically, Citizens Bank seeks $5,295.00, representing 70.6 hours expended by its attorneys in the case, including the 1.5 hours spent at the evidentiary hearing held on February 10, 1983, on this post-trial issue, all at $75.00 per lawyer-hour. Plaintiff also requests $188.31 reimbursement for other expenses, such as long distance telephone charges, xerox and postage.

The EAJA authorizes the awarding of attorney fees to the prevailing party against the United States, or an agency thereof, under those circumstances spelled out therein. First, a court *may* assess reasonable fees and expenses of attorneys against the government to the same extent that a private party would be liable under the common law or pursuant to the terms of any statute. 28 U.S.C. § 2412(b). Second, the nondiscretionary section of the EAJA, 28 U.S.C. § 2412(d)(1)(A), provides in pertinent part:

> [A] court *shall* award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, *unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.* (emphasis supplied).

Because the Court is unaware of any common law or statutory exception to the rule that prevailing litigants are not ordinarily entitled to collect attorneys' fees from the loser, *i.e.*, the "American Rule", *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), plaintiff is entitled to attorneys' fees only if it satisfies the second criterion, namely, the requirements set forth in subsection (d)(1)(A).

To be eligible for the mandatory fee award, plaintiff must qualify as a small business under the EAJA by meeting the financial standards set forth in 28 U.S.C. § 2412(d)(2)(B), which limit such recovery to organizations whose net worth does not "exceed $5,000,000 at the time the civil action was filed ... [or that the organization had] not more than 500 employees at the time the civil action was filed". Although meeting either of these requirements is sufficient under the terms of the statute, plaintiff here has met both, as shown in the uncontroverted affidavits of E.N. Jones, III, vice-president and cashier of Citizens Bank.

Having determined that the prevailing party here meets the financial eligibility requirements, the Court next must examine whether or not the position of the IRS here was "substantially justified", and whether or not here "special circumstances make an award unjust".

The words "substantially justified" might cause difficulty for Christian theologians, who would say that a person either is "justified" or is "not justified". Martin Luther would have had a hard time comprehending "substantial justification". Here, however, the Court is not dealing with theological terminology but with legislative terminology which can be comprehended. Although the EAJA does not define the words "substantially justified", the legislative history does provide guidance. The standard is explained as follows:

> The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis both in law and fact, no award will be made.

H.R.Rep. No. 96–1418, 96th Cong., 2nd Sess. 10–11, *reprinted in* [1980] U.S.Code Cong. and Ad.News 4953, 4989. The fact that the "substantially justified" standard was based on Rule 37 of the Federal Rules of Civil Procedure, which provides that a party prevailing on a motion for sanctions for failure to comply with discovery requests may obtain attorneys' fees unless the court finds that the position of the losing party was "substantially justified", further indicates that the standard is essentially one of reasonableness. *Id.* at 18, 1980 U.S.Code Cong. and Ad.News at 4997.

The legislative history also makes it clear that the burden of demonstrating substantial justification rests with the government. *Id.* at 10, 1980 U.S.Code Cong. and Ad.News at 4989. The standard and nature of the burden are described in the following terms:

Certain types of case dispositions may indicate that the Government action was not substantially justified. A court should look closely at cases, for example, where there has been a judgment on the pleadings or where there is a directed verdict or where a prior suit on the same claim has been dismissed. Such cases clearly raise the possibility that the Government was unreasonable in pursuing the litigation.

The standard, however, should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case. Nor, in fact, does the standard require the Government to establish that its decision to litigate was based on a substantial probability of prevailing.

*Id.* at 11, 1980 U.S.Code Cong. and Ad.News at 4889–4990. When it loses, the government now assumes the burden of substantially justifying the position it took.

The standard created by the EAJA is not as lenient as that governing fee awards against plaintiffs in Title VII suits, where to avoid the award the plaintiff need only show that the case was non-frivolous, that is having *some* justification, merit or foundation. *S & H Riggers & Erectors, Inc. v. O.S.H.R.C.,* 672 F.2d 426 (5th Cir.1982). Rather, the standard here represents an acceptable "middle ground" between an automatic award to a prevailing party and the permitting of fees only when the government's position was arbitrary or frivolous. H.R.Rep. No. 96–1418, *supra* at 14, 1980 U.S.Code Cong. and Ad.News at 4993.

■ Applying these standards, this Court finds that the government's position in the instant case was not substantially justified and that there are no special circumstances which make an award to Citizens Bank unjust. To the contrary, it would here be "unjust" not to award Citizens Bank its litigation expenses. Plaintiff was successful on its motion for summary judgment. This Court held in its memorandum of decision, dated September 28, 1982, that *Bank of Coushatta v. United States,* 650 F.2d 75 (5th Cir.1981), represents clear and controlling precedent on the only issue presented by the litigants' cross-motions for summary judgment, and mandated judgment for Citizens Bank against the United States as a matter of law. Moreover, at the evidentiary hearing held in this matter on February 10, 1983, the attorney who represented the IRS admitted that the IRS took its position in order to create an "appellate vehicle" so that *Bank of Coushatta* could be reviewed by the Eleventh Circuit. The record from the hearing reveals the following:

Attorney: Your Honor, could I say one thing to that last point which I didn't address:

Court: All right.

Attorney: This case was conceived by me as a possible appellate vehicle in the sense that *Bank of Coushatta* was a very broad opinion, as I think Your Honor actually stated when we were having the argument in the summary judgment motion. And that I consider that very possibly the 11th Circuit would want to not reverse it but limit it to more substantial facts. And, in fact, I did recommend appeal of this case.

Now, appeal has subsequently been dismissed. That was not my decision. That was the decision of someone else in the

Department of Justice who has, you know, higher authority that I am. But, certainly, for what Your Honor said is exactly what happened in this case; if that has any bearing on it.

While it is entirely conceivable that there is such a thing as a legitimate case for Uncle Sam's lawyers to use for the purpose of challenging existing unliked precedent directly on point, this is not, in this Court's opinion, such a case. The EAJA was intended to prevent the government from initiating or defending a "sure loser", when the unwarranted litigation will do no more than to cause its opponent to expend monies in the fight or to "give up" in the name of economy and peace. The EAJA presses agencies initially and carefully to consider the possibility that they may be guilty of abusive and harassing regulatory practices if they resort to litigation. It is intended to caution Uncle Sam's agencies to carefully evaluate their cases and not to pursue those which are weak or tenuous just because they have the logistical capability to do so. H.R.Rep. No. 96–1418, *supra* at 14, 1980 U.S.Code Cong. and Ad.News at 4993. The facts presented by the United States in this case were directly within the facts of *Bank of Coushatta*. The United States could never distinguish the two situations. If the EAJA is to have meaning it must be applied here. The IRS simply went too far and has woefully failed to meet its burden of proof under the EAJA for avoiding fees and expenses. It has presented no justification, much less substantial justification, for the position it took vis-a-vis Citizens Bank. Therefore, because there are no special circumstances here to make an award unjust, the Court concludes that plaintiff is entitled to recover reasonable attorneys' fees and expenses.

The only remaining issue is whether or not the attorneys' fees and other expenses requested are reasonable.

The standard for setting fees in the Eleventh Circuit have been set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974).[1] Here, an additional constraint is provided by the EAJA, which establishes a $75 per hour limit on attorneys' fees unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys, justifies a higher rate. 28 U.S.C. § 2412(d)(2)(A). Citizens Bank here waives any claim to attorneys' fees in excess of $75 per hour, obviating any need to consider a higher hourly rate in this case.

Under these circumstances the hourly rate of $75 becomes the predominant of the 12 guidelines enumerated in *Johnson,* and the Court is of the opinion that the factors, in the aggregate, support the reasonableness of plaintiff's fee request, *i.e.,* 70.6 hours at the statutory rate of $75 per hour. In particular, the Court emphasizes, in addition to the hourly rate, (1) the time and labor required; (2) the skill requisite to perform the legal services properly; (3) the amount involved and the results obtained; and (4) the experience, reputation and ability of the attorneys. All of these point in favor of plaintiff's fee claim. The Court further finds that actually the $75 per hour statutory maximum is on the low side, inasmuch as plaintiff's expert witness testified at the evidentiary hearing that the customary hourly rate for tax cases in Alabama ranges from $85 to $125 per hour.

Plaintiff is therefore entitled to recover $5,295.00 from the government for attorneys' fees and $188.31 for other reasonable expenses.

Because of the dearth of decisions, this Court cannot know how many learning experiences Uncle Sam is having under the EAJA, but the Court hopes it is paying attention to this lesson.

An appropriate order is being entered contemporaneously.

---

1. The Eleventh Circuit, in the *en banc* case of *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) adopted as precedent the decisions of the former Fifth Circuit.