Dorothy **BLITZ**, Plaintiff,

v.

Raymond J. **DONOVAN**, Defendant.

Civ. A. No. 82–0706.

United States District Court, District of Columbia.

Aug. 29, 1983.

---

Mark H. Lynch, Susan W. Shaffer, American Civil Liberties Union Foundation, Leonard Rubenstein, American Civil Liberties Union of Virginia, Washington, D.C., Michael Krinsky, National Emergency Civil Liberties Committee, New York City, for plaintiff.

J. Paul McGrath, Asst. Atty. Gen., Stanley S. Harris, U.S. Atty., Richard K. Willard, Paul Blankenstein, Sheila Lieber, Stanley Alderson, Attorneys, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION

BARRINGTON D. PARKER, District Judge:

Plaintiff, Dorothy Blitz, seeks an award of attorney's fees and expenses under the Equal Access to Justice Act (Act) 28 U.S.C. § 2412(d). Ms. Blitz, a Virginia resident, challenged the constitutionality of an amendment to Public Law 97–92,[1] known as the "Blitz Amendment", which prohibited distribution of Comprehensive Employment and Training Act (CETA) funds to anyone who publicly advocates, or within the last five years has advocated, the violent overthrow of the government of the United States. The Employment Commission of the State of Virginia relied on the amendment to deny Ms. Blitz an opportunity to participate in the CETA program on the grounds that she violated a regulation of the Commission which mandated that all CETA participants declare that they do not espouse the violent overthrow of the federal government.

On May 14, 1982, this Court granted plaintiff's motion for summary judgment holding that the "Blitz Amendment" violated basic first amendment principles. *Blitz v. Donovan*, 538 F.Supp. 1119, 1124 (D.D.C. 1982). Ms. Blitz was then reinstated into

---

1. For a discussion of the history of the amendment before the Congress see *Blitz v. Donovan*, 538 F.Supp. 1119, 1122–23, n. 5 (D.D.C.1982).

the CETA program which she completed on June 11, 1982. On January 10, 1983, the United States Supreme Court vacated the decision with instructions to dismiss the complaint as moot. —— U.S. ——, 103 S.Ct. 711, 74 L.Ed.2d 943 (1983).[2] No reasons were given for the dismissal but at that time plaintiff had already completed her training course[3] and funding for the program had terminated.[4]

This memorandum opinion will focus on and deal with the government's contention that in the course of this litigation its position was substantially justified and on the support and reasons provided by plaintiff's attorney in his request for fees and expenses.

### A.

The Equal Access to Justice Act was enacted to enable "relatively impecunious private parties to challenge unreasonable or oppressive government behavior by relieving such parties of the fear of incurring large litigation expenses." *Spencer v. National Labor Relations Board,* 712 F.2d 539 at 549 (D.C.Cir.1983). The Act authorizes the award of fees and expenses to the "prevailing party ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

It is the government's burden to prove that its position was "substantially justified." *Spencer,* at 557; *Nunes-Correia v. Haig,* 543 F.Supp. 812, 817 (D.D.C.1982).[5] The government would have this Court find that its position was substantially justified because there was a genuine dispute over

whether Ms. Blitz was entitled to CETA benefits, and because the defense it asserted was not frivolous.[6] These criteria have been rejected by both *Spencer,* at 559 and *Nunes-Correia,* at 817. At the very least, the government's position must have "a reasonable basis both in law and fact." and the court in *Spencer,* at 559 and *Nunes-Correia* at 817, have interpreted the legislative history of the Act to indicate that a slightly stricter standard than reasonableness is appropriate.

■ The government, in opposing a fee award, advances two arguments, first, that the District Court was without jurisdiction because plaintiff had not exhausted her administrative remedies; second, that the Blitz Amendment could (should) be narrowly construed so as to preserve its constitutionality. Neither argument was substantially justified. Given the importance and validity of plaintiff's constitutional challenge, this Court rejected the exhaustion claim. *Blitz,* 538 F.Supp. at 1125 *citing Hark v. Dragon,* 611 F.2d 11, 14 (2d Cir. 1979). This Court also found that the defendant's attempt to narrowly interpret this facially unconstitutional statute was void of any reasonable basis and that the Secretary of Labor's interpretation was unsupported, and inconsistent with the legislative history of the amendment.

Based on the claim that its constitutional argument was "novel but credible," the government contends that the argument qualifies under the "special circumstance" provision, and thus an award of fees is unwarranted. Government's Brief at 6. In *Nunes-Correia,* 543 F.Supp. at 820, Judge Bryant of this District Court found that the

---

**2.** The Supreme Court decision did not concern the award of attorney's fees and expenses. Defendant agrees that this Court has the authority to entertain this matter, "We do not intend to suggest that the district court would lack the power to act on appellee's application for attorney's fees." Reply Memorandum for the Appellant at 7, n. 6 (filed September 3, 1982).

**3.** Affidavit Of Mark H. Lynch In Support Of Motion For An Award Of Attorney's Fees, Expenses, And Costs, at 8, ¶ 15 (filed June 14, 1982).

**4.** Brief for Appellee at 5, n. 2, *Blitz v. Donovan,* —— U.S. ——, 103 S.Ct. 711, 74 L.Ed.2d 943 (1983).

**5.** The government does not raise the "prevailing party" issue and the Court sees no reason to consider it.

**6.** Opposition To Plaintiff's Motion For An Award Of Attorney's Fees, Expenses And Costs (hereinafter, Government's Brief), at 3, n. 8 (filed July 30, 1982).

special circumstance provision of the Act was not a stamp of approval for "novel" government arguments. The provision does require that due attention be paid to theories which are new or not commonly accepted, but such arguments must still satisfy the substantial justification requirement. *Id.*

In sum, none of the reasons advanced by the government satisfy this Court that its position during this litigation was substantially justified.

## B.

In *Concerned Veterans* our Court of Appeals determined the standards an attorney must meet to sustain a request for attorney's fees. *National Association of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319 (D.C.Cir.1982). Among other things, the Court determined that the primary objective was to establish the "lodestar"—the number of hours expended multiplied by the prevailing community rate. Of major concern in this proceeding is the computation of the lodestar.

In a footnote to its opposition brief, the government argues that plaintiff's application does not satisfy the *Concerned Veterans* criteria and thus an award of attorney's fees is not justified. Government's Brief at 1, n. *. Specifically, it argues that the number of hours for which plaintiff's counsel seeks reimbursement is not based on contemporaneous time records but rather that it is reconstructed. But at best this would reduce an award—not eliminate it. "Where the documentation of hours is inadequate, the district court *may* reduce the award accordingly." *Hensley v. Eckerhart,* —— U.S. ——, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (emphasis supplied). Plaintiff's counsel concedes that he did not keep contemporaneous time records. However, in *Concerned Veterans,* 675 F.2d at 1327, the court concluded that the purpose of such time records is to enable the trial court to make a just determination and provide adequate and sufficient information to consider the validity of the claim. Counsel's records do in fact provide the neces-

sary information upon which a reasonable determination can be based. The records supplied by Ms. Blitz's counsel are not "[c]asual after the fact estimate[s]." *Id.* They provide a detailed account of the work performed and the time assigned to each task. The opinion of our circuit in *Concerned Veterans* was issued well after the services were rendered to Ms. Blitz.

While the letter of *Concerned Veterans* has not been complied with in counsel's submissions the spirit has certainly been fulfilled. Plaintiff requests reimbursement for 111.5 hours which included the filing of a complaint, a notice for a temporary restraining order and a motion for a preliminary injunction with supporting points and authorities, as well as an opposition to the defendant's motion to dismiss. Ms. Blitz's counsel has exercised billing judgment in order to eliminate the possibility of duplicative or non-productive efforts and details the time spent on this matter which was not billed. With the knowledge of what was *not* billed, this Court can make a more informed judgment about the merits of the hours which were billed.

Mr. Lynch has requested $75 per hour for 111.5 hours of work. The government does not contest the validity of the requested rate nor the hours spent on the case. In *Hensley,* the Supreme Court stated that "[w]here a plaintiff has obtained excellent results, his attorney should recover full compensatory fee." *Hensley,* 103 S.Ct. at 1940. In this litigation counsel succeeded in a challenge to a congressional enactment which was constitutionally suspect and questionable, and thereby obtained an opportunity for his client to participate in a federally funded program for disadvantaged persons. Such results mandate an award of attorney's fees. Moreover, it cannot be said that several "relevant considerations" which lend support to a fee request, namely, the objective sought, the experience of the attorney, and the type of issues presented, are not present in this proceeding. In *Citizens Bank v. United States,* 558 F.Supp. 1301 (N.D.Ala.1983), the court employed such considerations to award an at-

torney the maximum $75 per hour. Counsel's experience and professional activities testify to his skill in litigation of this type. This Court witnessed and saw for itself the legal services rendered by plaintiff's counsel. Considering the prevailing rate in the District of Columbia, $75 per hour is more than reasonable for the quality of representation that Blitz received.

The defendant also contests $350.60 of the requested $393.24 in expenses incurred by the plaintiff. The government contends that expenses incurred in the delivery of pleadings and documents to the defendant's counsel and plaintiff's travel expenses are not compensable under 28 U.S.C. § 1920. "The taxing of costs is a matter within the Trial Judge's discretion." *Marcus v. National Life Insurance Co.*, 422 F.2d 626, 631 (7th Cir.1970) (taxing costs of a transcript); *accord, Independent Iron Works Inc. v. United States Steel*, 322 F.2d 656 (9th Cir. 1963), and the court should apply a test of "reasonableness" to decide whether the cost is taxable. *Keystone Shipping Co. v. S.S. Monfiore*, 275 F.Supp. 606 (D.C.Tex.1967), affirmed 409 F.2d 1345 (5th Cir.1969). Plaintiff's travel request covers two round trips from Martinsville, Virginia to Washington, D.C., one to meet with her attorney and the other to be present at the summary judgment proceedings. There are "strong policies which lie behind remedial civil rights legislation, and the need to insure that those who defend their rights are not financially penalized." *Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir.1977).[7] It is more than reasonable, it is a necessity, for the plaintiff to have the opportunity to meet and confer with counsel, and, as the moving force behind the assertion of her rights, to be present at and to participate in the court proceedings. Because the plaintiff is indigent, without the support of the American Civil Liberties Union this would not have been possible. Indeed, she alleged in her supporting affidavit for injunctive relief

(filed March 11, 1982), that the total earnings of her family for the first six months of 1982 were less than $4,500; and that she and her husband, with two children to support, were unable to obtain steady, gainful employment. The request is not at all unreasonable. Under this Court's discretion such costs are taxable as is the fee for delivery of documents. The total of all costs requested should be and is allowed.

 Also, given the rationale behind the *Concerned Veterans* requirements, the relatively short number of hours expended to obtain the results which were achieved, and the specific, uncontested documentation provided by plaintiff's counsel, the attorney's fees requested by plaintiff in the amount of $8,362.50 is fair and reasonable.

An appropriate Order will be entered.

---

7. The Hodge court upheld the district court decision not to award such fees only because the lower court did not abuse its discretion. "We do not mean to indicate [that] such an award would be reversed in this Court if made in this district court." *Hodge*, 558 F.2d at 287. In light of the remedial principles at stake and the circumstances of this case, an award of travel expenses is appropriate.