**Robert COX, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. 81–2416–Civ–ARONOVITZ.**

United States District Court, S.D. Florida.

Sept. 25, 1984.

Sheldon Golding, Golding & Wagenheim, Fort Lauderdale, Fla., for plaintiff.

Arthur Nasser, Chicago, Ill., Ralph Rocheteau, Dade County Asst. Atty., Ira Gropper, Asst. U.S. Atty., Miami, Fla., B. John Williams, Dept. of Justice, Tax Div., Washington, D.C., for defendant.

FINAL ORDER AND MEMORANDUM OPINION GRANTING PLAINTIFF'S PETITION FOR ATTORNEY'S FEES

ARONOVITZ, District Judge.

THIS CAUSE came before the Court on the petition for attorney's fees filed by Plaintiff ROBERT COX pursuant to the provisions of 28 U.S.C. § 2412(d)(1)(A).

THE COURT having considered Plaintiff's Petition, the Memorandum in Opposition filed by Defendant UNITED STATES OF AMERICA, Plaintiff's Reply, the relevant portions of the record, the law, and having been otherwise advised in the premises, it is thereupon

ORDERED AND ADJUDGED that Plaintiff's Petition for Attorney's Fees be, and the same is hereby, GRANTED in the amount of $15,912.00 plus costs in the amount of $491.40, for the reasons herein set forth.

Plaintiff claimed ownership of $121,-291.00 confiscated by Dade County authorities from a locker retained by his daughter-in-law. Pursuant to an Internal Revenue Service ["IRS"] levy upon the money with reference to an alleged tax liability of the daughter-in-law, the County turned the money over to the Defendant, the United States of America. At no time was Plaintiff or his daughter-in-law notified that the money was in the hands of the IRS. Plaintiff learned of the levy only through an action in state court for return of the funds by Dade County. He immediately commenced suit in this Court against the United States, during which action the Government abated the lien and assessment against the taxpayer, failed to file any lien against Plaintiff, but retained possession of the money.

As a result of a hearing in this Court, a Final Order was entered on November 22, 1983 granting Plaintiff's Motion for Summary Judgment, along with a Final Judgment in favor of Plaintiff in the amount of $121,291.00 plus interest. The court reserved ruling on Plaintiff's entitlement to fees pending appropriate motions and memoranda. An appeal timely filed by the Government on January 23, 1984 was dismissed on April 3, 1984 by stipulation of the parties.

On April 10, 1984 Plaintiff filed a petition for attorney's fees and costs pursuant to the Equal Access to Justice Act ["EAJA"], 28 U.S.C. § 2412, and submitted affidavits regarding both costs and fees, including a highly-detailed breakdown of hours spent on each aspect of the litigation. The amount of the fee award was left to the discretion of the court.

The EAJA provides for an award of costs and fees to the prevailing party in an action by or against the United States. Subsection (a) authorizes a judgment for costs. Subsection (b) authorizes the award of reasonable fees to the prevailing party generally, with the Government liable to the same extent as a private party. The legislative history indicates that Congress' intent in Subsection (b) was to extend to the Government existing statutory or common law exceptions to the American rule, which requires each party to be responsible for its own fees. *Alspach v. IRS,* 527 F.Supp. 225, 227 (D.Md.1981). Subsection (d)(1)(A) makes an award mandatory unless the position of the United States was "substantially justified."

The Government does not dispute that Plaintiff is entitled to costs or is the prevailing party in the action. Instead, it contends that Plaintiff's petition pursuant to Subsection (d)(1)(A) is not timely and should not be considered, citing Subsection (d)(1)(B), requiring an application for fees under (A) "within thirty days of final judgment." A Final Order and Judgment were entered on November 22, 1983. The appeal was dismissed on April 3, 1984 and fees applied for on April 10, 1984. The United States relies on a Ninth Circuit case holding that "final judgment" should be defined by its usage in contexts such as that in Rule 54, Fed.R.Civ.P., i.e., an appealable order. *McQuiston v. Marsh,* 707 F.2d 1082, 1085 (9th Cir.1983). *McQuiston* is distinguishable from the instant case in that neither party had taken an appeal from dismissal of the complaint, and the plaintiff had filed for fees three months after dismissal. The Seventh Circuit, in a case of first impression, on facts similar to the case at bar rejected the reasoning of the Ninth Circuit. *McDonald v. Schweiker,* 726 F.2d 311 (7th Cir.1983). In *McDonald,* the Government's motion to dismiss its appeal was granted on March 30, and on April 29 the plaintiff moved for attorney's fees. In holding the application timely, the court reasoned that in the context of the EAJA, "final judgment" is better construed as finality of the litigation process. 726 F.2d at 313–314. It noted that the consequences (1) of having to file multiple fee applications or to apply before the amount is known and (2) of forcing counsel to decide whether the Government is more likely to appeal if fees are requested outweigh any possible advantages of requiring a consolidated appeal. *Id.* at 314–315. The Eleventh Circuit has not explicitly addressed the issue, although in *Knights of the K.K.K. v. East Baton Rouge,* 679 F.2d 64 (5th Cir.1982), the court allowed a fee application after completion

of appellate proceedings. This Court considers the reasoning employed by the Seventh Circuit to be more persuasive and finds that Plaintiff's petition for fees within thirty days of dismissal of the appeal was timely under the EAJA.

■■■ An award of fees is mandatory under the EAJA unless the position of the United States was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The test for substantial justification is reasonableness. *Knights of the K.K.K., supra.* The Government contends that its "position" was "reasonable" in that its litigation position was based on the undisputed fact that the levy was timely filed. The facts further reveal, however, that the Government took possession of property belonging to Plaintiff without procedural due process and retained possession after abating its levy against the funds. This Court noted in its Final Order that there was "no justifiable reason for the funds not to be returned." Final Order, dated 22 November 1983, at 5. The Government's position in defending against Plaintiff's suit for return of the money was thus not substantially justified, as is required for avoidance of fees under the EAJA.

As an alternative to a finding that Plaintiff's petition was timely and that the Government's position was not substantially justified, Subsection (b) provides for a discretionary award where the common law exception to the American rule applies. *Knights of the K.K.K., supra* at 67. This Court in its Final Order, dated 22 November 1983, at 6 pointed out that "the circumstances apparent here were so egregious, the conduct of the IRS so utterly careless, as to amount to a constructive fraud and a deprivation of Plaintiff's property by the United States without due process of law." The Government seeks to preclude an award under Subsection (b) by arguing that its defense of lack of jurisdiction was a legal one made in good faith. Such an argument avoids the larger question inherent in this common law exception. The Ninth Circuit in *McQuiston, supra,* in remanding for a determination on this issue cited authority holding that "bad faith may be found either in the action that led to the

law suit or in the conduct of the litigation. *Id.,* at 1086; *Hall v. Cole,* 412 U.S. 1, 15, 93 S.Ct. 1943, 1951, 36 L.Ed.2d 702 (1973). A case not dissimilar on its facts to the one *sub judice* awarded fees pursuant to the EAJA, characterizing as bad faith the Government's action in continuing to maintain suit to recover the balance due on a promissory note despite its knowledge that the party's signature on the note was forged. *United States v. Burke,* 548 F.Supp. 724, 730 (D.S.Dak.1982). Thus, this Court finds ample justification for an award of fees under § 2412.

The EAJA authorizes "reasonable" attorney's fees. Subsection (d)(2)(A)(ii) provides that "attorney fees shall not be awarded [under Subsection (d) ] in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." There is no claim that inflation or a special factor requires a fee above the statutory limit. Counsel has provided a highly-detailed accounting of his hours spent for a total of 212 hours, 10 minutes and has left the amount to the discretion of the court.

■ In assessing the amount of fees to be awarded, this Court has considered the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). Although not technically or necessarily applicable to matters within the purview of the EAJA, the Court has considered the twelve factors delineated in *Johnson,* with particular reference to the time and labor required, the skill requisite to perform the legal service properly, and awards in similar cases. As to time and labor, "[t]he trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities." *Johnson, supra,* at 717. A review of counsel's affidavit of hours spent reveals appropriate claims for time required on the many and several aspects of litigating this case. In addition, "[t]he trial judge should closely observe the attorney's work product, his preparation, and general ability before the court." *Id.* at 718. The written and oral

presentations of counsel in this cause reflect substantial professionalism and competence. Similar cases have resulted in comparable fee awards. The purpose of the EAJA is to enable litigants to obtain counsel of ability commensurate with that of their opposition, the United States of America. Section (d) of the Act caps an award at $75.00 per hour absent factors not existent in the instant case. Such a rate is reasonable and appropriate as compensation for competent counsel opposing the United States Government, i.e., 212 hours, 10 minutes at $75 per hour, for a total of $15,912.00.

On the basis of the foregoing, this Court awards attorney's fees to Plaintiff, ROBERT COX, in the total amount of $15,-912.00, the statutory maximum for the number of hours supported by the affidavit of his counsel, to be satisfied by the United States of America pursuant to the EAJA.