**Linda S. KENNEDY**

v.

**Margaret HECKLER[1], Secretary of Health and Human Services.**

**Civ. A. No. R–82–2172.**

United States District Court,
D. Maryland.

Oct. 22, 1984.

Leonard A. Sandler, Chestertown, Md., for plaintiff.

## MEMORANDUM

RAMSEY, District Judge.

A petition for attorney's fees, supported by appropriate affidavit, has been filed by Leonard A. Sandler, counsel for plaintiff. In addition to setting out an affidavit form the nature of the services rendered and the amount of fees requested, plaintiff's counsel seeks to have these fees taxed against the United States pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).[2]

I

The Court has reviewed the petition in light of the requirements of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), and *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir.1978), and under the procedure laid out in *Anderson v. Morris*, 658 F.2d 246 (4th Cir.1981), and makes findings on pertinent factors as follows:

    1.  The time and labor expended. Counsel reports, and the Court finds, that counsel spent 23 hours, 43 minutes on core legal work and two hours of

**1.** On March 9, 1983, Margaret Heckler succeeded Richard Schweiker as Secretary of Health and Human Services, and, pursuant to 42 U.S.C. § 405(g), the appropriate substitution has been made.

**2.** 28 U.S.C. § 2412(d)(1)(A) provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

travel time in this case, and that these hours have been reasonably and efficiently employed.

5. The customary fee for like work.— Counsel seeks a rate of $50 per hour for the time he was engaged in core legal work and $20 per hour for his travel time. These rates, below the $75 per hour maximum allowed pursuant to the Equal Access to Justice Act, appear thoroughly reasonable in this case.

Based upon factors one and five, therefore, the Court concludes that a reasonable initial fee is $1,226.00.

After having established a *prima facie* reasonable fee, based upon factors one and five, the Court has considered the other ten factors of *Georgia Highway Express,* and determined that those factors do not merit adjusting the lodestar amount. Accordingly, the Court is of the opinion that a fee of $1,226.00 is eminently reasonable and earned, and should be paid.

## II

As noted, plaintiff seeks to have this fee taxed to the United States under the Equal Access to Justice Act. Secretary opposes payment of such fees because she believes her position had a reasonable basis in law and fact. (*See* Paper No. 16 at 6).

In so contending, the Secretary cites the legislative history of the EAJA: "The test for whether or not a government act is substantially justified is one of reasonableness. Where the government can show that its case had a reasonable basis in law and fact, no award will be made." H.R. Rep. No. 1418, 96th Cong., 2d Sess. 10–11, *reprinted in* 1980 U.S.Code Cong. & Ad. News 4989. In addition, the Secretary relies on the Fourth Circuit's decision in *Guthrie v. Schweiker,* 718 F.2d 104 (4th Cir.1983):

In the district court, the government's position generally is established at the administrative level and judicial review is limited to consideration of the administrative record by cross motions for summary judgment. Therefore, the government's position in the district court normally would be substantially justified if, as is usual, the United States Attorney does no more than rely on an arguably defensible administrative record. In such a situation, the EAJA would not require an award of attorney's fees. Moreover, entry of summary judgment raises no presumption that the government's position was not substantially justified.

718 F.2d at 108.

Applying these standards, it nonetheless is apparent that the Secretary's position was not substantially justified. A review of the Fourth Circuit's decision in this case reveals that the Secretary's position was entirely unreasonable. 739 F.2d 168 (4th Cir.1984). Plaintiff contended that her impairment met or equalled a listed impairment, a fact that would be conclusive of disability. Specifically, she contended that she met the requirements of 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.05 C which requires, *inter alia,* an individual to have a I.Q. of 60–69 inclusive. The Secretary, relying on plaintiff's WAIS full scale I.Q. score of 72, found that she did not meet the requirements of § 12.05 C. However, the Secretary's regulations further mandated that when a single I.Q. test produced multiple scores, the lowest score was to be used in conjunction with that section. *See Id.* at § 12.00 B4. Plaintiff's performance I.Q. of 65 met the threshhold requirement of § 12.05 C. Her counsel pointedly noted that at the administrative level and in this Court. Given the Secretary's failure to apply the dictates of her own regulations, it becomes apparent that her litigation position was legally and factually indefensible. Indeed, when the Fourth Circuit applied the proper regulations, it concluded that plaintiff met the requirements of § 12.05 C and was disabled.

Accordingly, for the foregoing reasons, a separate Order shall be entered directing that the amount of $1,226.00 be paid to Attorney Leonard A. Sandler, by the United States, as his full and only fee for

representing plaintiff in the District Court in this civil action.