**FLORIDA SUNCOAST VILLAS, INC.,**
**Plaintiff-Appellee,**

v.

**UNITED STATES of America,**
**Defendant-Appellant.**

No. 85–3310
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 21, 1985.

Glenn L. Archer, Jr., Michael L. Paup, William S. Estabrook, Steven I. Frahm, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellant.

Mark R. Lewis, St. Petersburg, Fla., for plaintiff-appellee.

Before TJOFLAT, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

I. BACKGROUND

Florida Suncoast Villas ("Suncoast") filed a complaint against the United States

alleging that it had a superior lien on the corporate accounts receivable levied on by the Internal Revenue Service. The district court ruled in favor of Suncoast and entered judgment. Suncoast then filed an application for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) which authorizes fee awards against the government to a prevailing party.[1] In support of its application, Suncoast submitted three documents. The first document was a local attorney's affidavit stating that reasonable attorney's fees amounted to $28,000.00 when billed at seventy-five dollars per hour. The second itemized attorney time spent on the case at 370.25 hours. The third included an itemized statement of costs totalling $2,734.04.

After indicating that the government's position was not "substantially justified," the court, absent further finding, awarded Suncoast attorney's fees of $28,000 and costs of $2,734.04. The sole issue on this appeal is whether an award of attorney's fees under the EAJA must be based on reviewable findings of fact pursuant to the guidelines set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974).[2]

## II. DISCUSSION

28 U.S.C. § 2412(d) provides that where the United States has unsuccessfully brought or defended a civil action, the prevailing party may recover its attorney's fees if the government's position was not "substantially justified." The government does not appeal from the court's finding that its position was not substantially justified. Instead the government challenges only the failure of the court to follow the *Johnson* guidelines to determine the reasonableness of the amount of attorney's fees requested by Suncoast.

Suncoast asserts that the *Johnson* factors regarding attorney's fees have been confined to cases commenced under the Fair Labor Standards Act or the Civil Rights Act of 1964. Suncoast further argues that the *Johnson* factors should not be applied in cases where Congress has set statutory guidelines regulating attorney's fees.

We conclude that the *Johnson* factors do apply to cases arising under the EAJA. "Although *Johnson* ... involved

---

1. 28 U.S.C. § 2412(d)(1)(A) provides:
   Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

2. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.
   The *Johnson* court cited the following considerations as relevant to the determination of the reasonableness of an attorney's fee award:
   1) the time and labor required;
   2) the novelty and difficulty of the questions;
   3) the skill requisite to perform the legal service properly;
   4) the preclusion of other employment by the attorney due to the acceptance of the case;
   5) the customary fee;
   6) whether the fee is fixed or contingent;
   7) time limitations imposed by the client or the circumstances;
   8) the amount involved and the results obtained;
   9) the experience, reputation and ability of the attorneys;
   10) the "undesirability" of the case;
   11) the nature and length of the professional relationship with the client; and
   12) awards in similar cases.
   *Johnson v. Georgia Highway Express,* 488 F.2d 714, 717-19 (5th Cir.1974).
   The *Johnson* criteria were approved by Congress when it passed the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988. *See* S.Rep. No. 1011, 94th Cong., 2d Sess. 6 (1976), *reprinted in* [1976] U.S.Code Cong. & Ad.News 5908, 5913. In *Hensley v. Eckerhart,* 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40, 50 n. 7 (1983), a case addressing the reasonableness of an award of attorney's fees under section 1988, the Supreme Court stated that the "standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of [attorney's] fees to a 'prevailing party.'"

the setting of an attorneys' fee award under Title VII, it is recognized as a broad precedent which is generally applicable in other fee setting contexts." *Watford v. Heckler,* 765 F.2d 1562, 1565 n. 3 (11th Cir.1985). In *Watford,* we held that the attorney's fee limitation provisions of the Social Security Act were not applicable to a fee award authorized by the EAJA and specifically approved an EAJA fee award where the trial court had applied the *Johnson* factors. We now make explicit what was implicit in *Watford: Johnson* sets the standards for determining a reasonable fee awarded pursuant to the EAJA.

There has been some confusion in the lower courts as to whether the *Johnson* factors are "technically or necessarily applicable to matters within the purview of the EAJA." *Cox v. United States,* 593 F.Supp. 1238, 1240 (S.D.Fla.1984). Nonetheless, courts regularly have applied the *Johnson* factors to determine the reasonableness of an attorney's fee award under the EAJA. *See, e.g., Kennedy v. Heckler,* 598 F.Supp. 124, 124–25 (D.Md.1984); *Cox v. United States,* 593 F.Supp. 1238, 1240–41 (S.D.Fla.1984); *Ashburn v. United States,* 577 F.Supp. 59, 66 (N.D.Ala.1983), *rev'd on other grounds,* 740 F.2d 843 (11th Cir.1984); *Citizens Bank v. United States,* 558 F.Supp. 1301, 1304 (N.D.Ala.1983). Accordingly, we reject Suncoast's proposition that the *Johnson* factors are not applied to EAJA actions.

 Suncoast further argues that *Johnson* is inapplicable where Congress has set a ceiling for fee awards. 28 U.S.C. § 2412(d)(2)(A) establishes a $75 per hour limit on EAJA fee awards absent special circumstances. Section 2412 is a recommended ceiling for reasonable fees. In order to determine what a reasonable fee is, however, a court first must apply the *Johnson* guidelines. *See Citizens Bank, supra* at 1304 (EAJA fee limit is an "additional constraint" to be considered with *Johnson* factors). Therefore, we also reject this argument that *Johnson* is inapplicable to EAJA fee determinations.

Suncoast has alleged that the government's appeal based on the failure of the court to apply *Johnson* evidences further unjustified litigation and delay on the government's part. Because we conclude that application of the *Johnson* guidelines is a prerequisite for a fee award under the EAJA, we reject Suncoast's assertion that this appeal was taken in bad faith. Accordingly, we VACATE the district court's order awarding appellee costs and attorney's fees and REMAND the case so that the district court may enter proper findings of fact and, if necessary, conduct an evidentiary hearing to determine a reasonable fee award.