UNITED STATES of America, Plaintiff,

v.

CERTAIN REAL PROPERTY LOCATED AT 4880 S.E. DIXIE HIGHWAY, etc., Defendants.

No. 85–8353–CIV–GONZALEZ.

United States District Court, S.D. Florida. Fort Lauderdale Division.

Feb. 21, 1986.

Alan Mishael, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Ronald B. Ravikoff and John J. Evans of Zuckerman, Spaeder, Taylor & Evans, Coral Gables, Fla., for defendants.

## ORDER AWARDING FEES

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the motion of the claimants, Joseph P. Spina, Atlantic Coast Investments, Inc., Charlie's Riverboat, Inc., Charlie's Locker, Inc., Steven Spina, and Donna Sanders, for an order imposing attorneys' fees and costs.

### FACTS

The factual setting of this case has been reported in *United States v. Certain Real Estate Property*, 612 F.Supp. 1492, 1493–94 (D.C.Fla.1985). This case concerns a civil forfeiture action brought by the government against certain real estate in Port Salerno, Florida. On June 28, 1985, this court dismissed the government's complaint upon a finding that "the Constitution forbids the Attorney General from seizing real property pursuant to 21 U.S.C. § 881(b) and the Supplemental Rules for

Certain Admiralty and Maritime Claims absent exigent circumstances, without prior judicial review." *Id.* at 1498.

The dismissal resulted from the government's failure "to follow this procedure in seizing the claimants' property." *Id.* The government was given ten (10) days to submit an amended complaint. *Id.* Rather than amend its complaint, the government filed a notice of appeal with the Eleventh Circuit on July 5, 1985. On July 24, 1985, the appeal was dismissed, upon the granting of the government's motion to dismiss.

### BASIS FOR AWARDING FEES

Claimants as prevailing parties have made application for fees under two sections of the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412. Claimants seek an award of fees pursuant to § 2412(d) and, alternatively, pursuant to § 2412(b) of EAJA. A prevailing party under EAJA is one who has " 'received substantially the relief requested or has been successful on the central issue.' " *Martin v. Heckler,* 773 F.2d 1145, 1149 (11th Cir.1985), *quoting Watkins v. Mobile Housing Board,* 632 F.2d 565, 567 (5th Cir. Unit B 1980).

### 28 U.S.C. § 2412(d)

■ Section 2412(d) of EAJA, provides that an award of fees is mandatory under this section: "Except as otherwise specifically provided by statute, a court *shall* award to a prevailing party other than the United States fees and other expenses...." 28 U.S.C. § 2412(d)(1)(A)(emphasis added). The court is required to award fees under § 2412(d) unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.*

Substantial justification "shall be determined on the basis of the record." Act of Aug. 5, 1985, Pub.L. No. 99–80, 1985 U.S. Code Cong. & Ad.News (99 Stat.) 183 (to be codified at 28 U.S.C. § 2412(d)(1)(B)). Recent changes in EAJA have altered subsection (d)(1)(B) of § 2412 to broaden its coverage to include the action or inaction of the agency upon which the civil action is based. *Id.* *See also Charter Management, Inc., v. N.L.R.B.,* 768 F.2d 1299, 1301, (11th Cir. 1985).

The government, not the claimant, bears the burden of demonstrating substantial justification for its conduct. *Ashburn v. United States,* 740 F.2d 843, 850 (11th Cir. 1984). The government must demonstrate " 'that its case had a reasonable basis both in law and fact.' " *Id., quoting* H.R.Rep. No. 1418 at 10, U.S.Code Cong. & Ad.News 1980, at 4989; S.Rep. No. 253 at 6.

The government failed to present even one fact in its complaint to buttress its seizure of the claimants' property or the forfeiture proceedings. *Certain Real Estate,* 612 F.Supp. at 1494. The complaint sought forfeiture on the basis of the filing attorneys' "beliefs 'based upon reports and information ...' " that the subject *res* had been purchased with the proceeds gained from transactions in narcotics. *Id.*

Even assuming that the government was in possession of such facts at the time of the filing of the complaint, there has been no attempt made by the government to reveal these facts, other than an offer to explain *"in camera."* Government's Memorandum in Opposition at 4. Acceptance by the court of such an offer on the terms stated by the government would open the door to just the type of *post hoc in camera* communications that are offensive to the constitutional guarantee of due process. *See Brusco v. Kusper,* 435 F.2d 1046, 1057 (7th Cir.1971).

The government seeks to meet its burden under § 2412(d) by arguing that it had no advance warning of this court's holding that the complaint was defective because of the unconstitutional manner in which the claimants' property was seized. Government's Memorandum in Opposition at 6. The government seeks to justify its position by citing the same series of cases it cited to avoid dismissal of its complaint. All of the cases cited relate to automobiles, boats or money—none relate to real es-

tate.[1] This reasoning is unconvincing, for the reasons stated in this court's order dismissing the government's complaint. *Certain Real Estate*, 612 F.Supp. at 1496.

The analogy to other forms of property, where the exigent circumstance of easy mobility or fungibility frequently occurs, is inapposite to seizure of land. *See Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) and *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974). As this court has earlier observed, when dealing with land there is "far less likelihood that the property will disappear." *Certain Real Estate*, 612 F.Supp. at 1496.

The government's ouster of the owners of the subject property and the actual physical seizure of the resort is similarily unjustified. The seizure of the property could have been effectuated through less destructive and intrusive means than actual physical occupation by federal agents. The owners could have been allowed to continue to operate the resort. *United States v. One Parcel of Real Property*, 767 F.2d 1495 (11th Cir.1985). This court commented on just how disruptive the government's behavior was, in its earlier order dismissing the complaint:

> [T]he United States Marshal Service seized the subject properties and ejected the owners and operators of the Resort, the boat company and the restaurant, along with the guests vacationing there. Among the guests forced to leave were persons participating in the Martin County Teachers Retreat. As the guests left the premises, government agents stopped and searched their vehicles to make certain that the visitors did not abscond with Resort property.
>
> Despite the government's retention of a former Resort employee to manage the seized properties, by all indications business there has been severely damaged.

*Certain Real Estate*, 612 F.Supp. at 1494 (footnotes omitted).

The government has failed to present any evidence that its behavior in seizing the claimants' property was substantially justified. Neither has it been demonstrated or even alleged that any special circumstances existed to justify the government's conduct. Accordingly, this court finds that it must award fees pursuant to 28 U.S.C. § 2412(d).

### 28 U.S.C. § 2412(b)

■ In addition to awarding fees under subsection (d) of section 2412 of EAJA, this court may under certain conditions, award fees under subsection (b) of section 2412. Subsection (b) authorizes awards against the United States "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b). Subsection (b) allows the court discretion to award expenses and fees of attorneys to the prevailing party. *Id.* The claimants allege three provisions under which an award pursuant to § 2412(b) would be appropriate: Rule 11 of the Federal Rules of Civil Procedure, the "bad faith" exception, and 28 U.S.C. § 1927.

A federal district court may award attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure. Rule 11 was amended in 1983, and has greatly broadened the power of the court to award fees. As amended Rule 11 provides:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law and that it is not interposed for any improper purpose, such as to harass or to

---

1. *United States v. Eight Thousand Eight Hundred & Fifty Dollars*, 461 U.S. 555, 103 S.Ct. 2005, 2011 n. 12, 76 L.Ed.2d 143 (1983); *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974); and *United States v. One 1978 Mercedes Benz*, 711 F.2d 1297, 1300–03 (5th Cir.1983).

cause unnecessary delay or needless increase in the cost of litigation.

Rule 11 F.R.C.P.

The changes in Rule 11 are significant. Under the new form of the Rule, an attorney must "conduct a reasonable inquiry into the viability of a pleading *before* it is signed." *Eastway Const. Corp. v. City of New York,* 762 F.2d 243, 253 (2d Cir.1985) (emphasis added). Once again, the government has responded that it can demonstrate *in camera* that government Strike Force attorneys (the filing attorneys) have met this standard and once again this gesture is unacceptable. In essence, all the government is willing to offer is a *post hoc* rationalization uttered in secret.[2] Such behavior violates both the spirit and the letter of Rule 11.

■ Claimants urge the court to consider awarding fees under the common law "bad faith exception" to the American Rule that each litigant generally bears his own costs. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The court derives authority to make such awards from its inherent equity powers. *Alyeska Pipeline,* 421 U.S. at 258–59, 95 S.Ct. at 1622–23 and *Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1543 (11th Cir. 1985).

The bad faith exception is not merely limited to suits filed in bad faith but includes "bad faith acts preceding and during litigation." *Kreager,* 775 F.2d at 1543. The focus of the inquiry with bad faith is directed to the " 'conduct and motive of a party, rather than the validity of the case.' " *Rothenburg v. Security Management Co., Inc.,* 736 F.2d 1470, 1472 (11th Cir.1984), *quoting* Green, *From Here to Attorney's Fees: Certainty, Efficiency and Fairness in the Journey to the Appellate Courts,* 69 Cornell L.Rev. 207, 279–80 (1984).

The bad faith exception includes suits that are filed and conducted " 'vexatiously, wantonly, or for oppressive reasons.' " *Rothenburg,* at 1471, *quoting F.D. Rich Co. v. United States,* 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974).

The conduct of the government can be characterized as ill-conceived and irresponsible, particularly in its occupation of the property, but there is no indication that the government brought or maintained this suit vexatiously or for oppressive reasons. *Id.* Accordingly, the bad faith exception, which requires a greater showing of objectionable behavior than under Rule 11, has not been met.[3]

■ Finally, claimants press the court to award sanctions under § 2412(b), pursuant to 28 U.S.C. § 1927. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (Supp.1985).

The cases cited by the claimants to support an award of fees pursuant to § 1927,

---

**2.** The government is correct in pointing out that this court observed in its written order of July 3, 1985, that "[t]he government was not without reason to suspect that the Resort and accompanying complex was purchased with money traceable to narcotic deals." *Certain Real Estate Property,* 612 F.Supp. at 1494. This observation was, however, gleaned from statements of counsel made subsequent to the filing of the complaint, and after the claimants made their objections to the seizure of the Resort. The government omits a statement made by the court in the same order that "[t]he complaint fails to recite a single fact which might allow one to objectively conclude that the government had reason to believe that the Resort, the boat company or the restaurant had been purchased with the proceeds of drug transactions." *Id.* Objective and not subjective good faith is now the standard to be applied under Rule 11. *Eastway Construction Corp.,* 762 F.2d at 253.

**3.** There must be " 'clear evidence' that the claims are 'entirely without color *and* made for reasons or [sic] harassment or delay or for other improper purposes.' " *Eastway Const. Corp.,* 762 F.2d at 253, *quoting Browning Debenture Holders Comm. v. DASA Corp.,* 560 F.2d 1078, 1088 (2d Cir.1977).

speak of fees being awarded under conditions not present here. These cases penalize attorneys for bringing claims unarguably groundless from a legal standpoint and for claims prosecuted far longer than occurred here. For example, the government's claims were not bound by principles of *res judicata* as in *United States v. Nesglo*, 744 F.2d 887 (1st Cir.1984). An award pursuant to 28 U.S.C. § 1927 is, therefore, not proper.

### CALCULATION OF FEES

■ The claimants urge this court to award fees both for the trial court period and for the appeal. The claimants cite several cases from other circuits to support this proposition. While the court in principle agrees with the claimants that it may have the authority to decide awards of fees for appellate proceedings, in absence of 11th Circuit guidance it would be inappropriate to award fees for the appeal. *See United States v. 329.73 Acres*, 704 F.2d 800, 811–12 (5th Cir.1983) (The court declined to settle on a hard and fast rule for fees on appeal, suggesting only that in some instances it would be appropriate for the trial court to determine if appellate fees are in order). Therefore, until and unless this court is so directed, the court finds that it must decline to award fees and costs incurred by the appeal of this case.

■ In determining the amount of fees appropriate under EAJA, this court must follow the guidelines set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974).[4] In *Johnson*, the following factors were listed to aid courts in assessing the reasonableness of a requested fee:

1) the time and labor required;
2) the novelty and difficulty of the questions;
3) the skill requisite to perform the legal services properly;
4) the preclusion of other employment by the attorney due to acceptance of the case;
5) the customary fee;
6) whether the fee is fixed or contingent;
7) time limitations imposed by the client or the circumstances;
8) the amount involved and the results obtained;
9) the experience, reputation and ability of the attorneys;
10) the "undesirability" of the case;
11) the nature and length of the professional relationship with the client; and
12) awards in similar cases.

*Id.* at 717–19.

Applying the *Johnson* factors to the particular circumstances of this case, this court concludes that the claimants are entitled to attorneys' fees in the amount of $17,100.00. This amount was calculated by multiplying sixty hours of work times $160.00 an hour for one partner's time and by multiplying sixty hours of work times $125.00 an hour for one associate's time, to arrive at the total amount of $17,100.00. This computation represents the "lodestar: the number of hours reasonably expended multiplied by a reasonable hourly rate." *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C.Cir.1980). This amount excludes work done on the appeal of this case.

This court notes that the award is in excess of the $75.00 per hour amount that the government argues is allowable for awards under EAJA. While it is true that Congress set a ceiling for fees under EAJA, the $75.00 per hour figure can be raised when special circumstances are found to be present. *Florida Suncoast Villas, Inc. v. United States*, 776 F.2d 974, 976 (11th Cir.1985). This court finds, in consideration of all of the factors listed in *Johnson*, but in particular the time constraints, the difficulty of the problem and

---

**4.** The Eleventh Circuit has recently held that the factors outlined by the Fifth Circuit in *Johnson*, apply to cases arising under EAJA. *Florida Suncoast Villas, Inc.*, 776 F.2d at 975. Fifth Circuit opinions issued prior to October 1, 1981, are binding on courts sitting in the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir.1981) (en banc).

the customary fee charged in this locality, that there exists ample justification for elevating the hourly rate.

Accordingly, the claimants are hereby awarded attorneys' fees in the amount of $17,100.00, to be taxed against the United States.

Costs of the District Court proceedings are to be taxed separately and claimants may resubmit their request within ten (10) days of the filing of this order.