We VACATE the order of September 8, 1987 appearing at 826 F.2d 1010.

In No. 86–5286 we VACATE the judgment of the district court affirming the consolidation order and the confirmation order of the bankruptcy court and RE-MAND that case to the district court with instructions to dismiss the appeal to it from the bankruptcy court as moot.

Forthwith upon entry of the order by the district court, as directed in No. 86–5286, the judgment in No. 86–5386 shall stand AFFIRMED.

The petition for rehearing by the Bank of New York is DENIED. The petition for rehearing by the appellants is DENIED.

No member of this panel nor other Judge in regular active service on the Court having requested that the Court be polled on rehearing in banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 35–5), the Suggestion of Rehearing In Banc is DENIED.

**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**CERTAIN REAL ESTATE PROPERTY LOCATED AT 4880 S.E. DIXIE HIGHWAY, etc., Defendant-Appellee.**

No. 86–5245.

United States Court of Appeals,
Eleventh Circuit.

March 11, 1988.

Leon B. Kellner, U.S. Atty., Linda Collins Hertz, Guy Harrison, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellant.

John F. Evans, Zuckerman, Spader, Taylor & Evans, Ronald B. Ravikoff, G. Richard Strafer, Miami, Fla., for defendant-appellee.

**CLARK, Circuit Judge:**

This is an appeal by the United States of an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b), (d). The district court, 628 F.Supp. 1467, found that the United States' position in the underlying forfeiture action was not "substantially justified" within the meaning of 28 U.S.C. § 2412(d)(1)(A). As an alternative ground for awarding fees, the court relied on 28 U.S.C. § 2412(b). Having concluded that the district court made certain errors in its application of the EAJA, we vacate the district court's award and remand.

## I. BACKGROUND

On June 21, 1985, attorneys for the United States filed a verified complaint for the forfeiture of real property situated in Martin County, Florida.[1] The complaint contained no supporting factual allegations which would indicate that the subject property was subject to forfeiture. The only articulated basis for bringing the forfeiture action was as follows:

> 5. By reason of the foregoing and pursuant to the provisions of Title 21, United States Code, Section 881(a)(6),[2] the subject real property is subject to forfeiture to the United States of America.

The district court clerk, pursuant to former Rule C(3) of the Supplemental Rules for

---

1. The parcels of property named as defendants in the complaint were: "a hotel/motel known as the Manatee Resort ...; Charlie's Locker, Inc., a boat company ...; and Charlie's Riverboat, Inc. d/b/a Charlie's-in-the-Pocket, a restaurant...." 612 F.Supp. 1492, 1493 (S.D.Fla. 1985).

2. 21 U.S.C. § 881(a)(6) provides that any property "furnished ... in exchange for a controlled substance" and "all proceeds traceable to such an exchange" are subject to forfeiture.

Certain Admiralty and Maritime Claims ("Supplemental Rules") issued an *in rem* warrant for the arrest of the subject property.[3] The next day, United States Marshals seized and took control of the property and shortly thereafter, the claimant/owners filed emergency motions for its return.

The district court quashed the arrest warrants and dismissed the government's complaint. Through an analysis based on the Due Process Clause of the Fifth Amendment, the court held that real property could not be seized without some prior hearing before a judicial officer.[4] The court also said that it "could have decided [the] case on the narrower ground that the government's verified complaint fails to establish that the claimants' property is subject to forfeiture." But it considered the resolution of the constitutional question obligatory since the process by which the court clerk could issue *in rem* arrest warrants would otherwise have remained intact. 612 F.Supp. at 1498.

**3.** Supplemental Rule C(3) was amended in 1985. The version of the rule in effect at the time the United States filed its original forfeiture action provided that
>  [u]pon the filing of the complaint the clerk shall forthwith issue a warrant for the arrest of the vessel or other property that is the subject of the action....

Fed.R.Civ.P.Supp. C(3) (superseded). Under the current rule, judicial approval is required for the issuance of *in rem* warrants, but forfeiture actions are made an express exception to this requirement:
>  [i]n actions by the United States for forfeitures for federal statutory violations, the clerk, upon filing of the complaint, shall forthwith issue a summons and warrant for the arrest of the vessel or other property without requiring a certification of exigent circumstances.

Fed.R.Civ.P.Supp. C(3).

**4.** The court said that
>  on the facts in this case, ... the Fifth Amendment minimally requires that no warrant for the arrest *in rem* of real property should issue unless and until a judicial officer has reviewed the complaint in an *ex parte* proceeding and has concluded that said complaint sets forth a reasonable basis for believing that the property is subject to forfeiture....

612 F.Supp. at 1497.

**5.** It should be noted that the 1985 amendments to the EAJA apply only to cases pending on or

## II. SECTION 2412(d)(1)(A)

28 U.S.C. § 2412(d)(1)(A) provides that a court

>  shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Under this statute, civil litigants who prevail against the United States are entitled to attorney fees and costs if the United States fails to demonstrate that its "position" was "substantially justified." Congress amended the EAJA in 1985 to make clear that the term "position" "means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."[5] 28 U.S.C.

commenced after August 5, 1985. We agree with the D.C. Circuit that "a case is 'pending' on the effective date of the EAJA Amendments if the EAJA *application* is pending on that date, even if the merits have been finally resolved before then." *Federal Election Comm'n v. Rose*, 806 F.2d 1081, 1086 (D.C.Cir.1986) (emphasis added), *cited in Trahan v. Regan*, 824 F.2d 96, 101 (D.C.Cir.), *reh'g granted*, 832 F.2d 158 (1987). Because the application for EAJA fees in this cases was filed on August 1, 1985 and the district court awarded fees on February 21, 1986, this EAJA application was "pending" on August 5, 1985. Accordingly, the section 2412(d)(2)(D) definition of the term "position" is operative here.

The decision to follow the D.C.Circuit in this regard is of little import because it is clear that Congress added the definition of the term "position" only for the purposes of clarification. It did not alter the meaning of the statute as originally enacted. *See* H.R.Rep. No. 120, 99th Cong., 1st Sess. 12, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 140 (definition of the term "position" was to "clarify the EAJA, consistent with the original Congressional intent and the underlying purposes of the statute"); *Stratton v. Bowen*, 827 F.2d 1447, 1449 n. 2 (11th Cir.1987). Congress specifically sought to correct the view held by many courts, including this court, that the term "position" referred only to the litigation position taken by the United States. *See* H.R.Rep. No. 120 at 12, n. 21,

§ 2412(d)(2)(D). The standard for substantial justification is one of reasonableness. Accordingly, the government must show that its case "had a reasonable basis in both law and fact." *Stratton v. Bowen,* 827 F.2d 1447, 1449 (11th Cir.1987) (citing H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4984, 4989; *Haitian Refugee Center v. Meese,* 791 F.2d 1489, 1496 (11th Cir.1986)) (other citations omitted).[6]

Although the court did not articulate clearly its reasons for concluding that the United States' position lacked substantial justification, it appears to have relied on three factors. First, it rejected the government's argument that the court's ruling on the constitutionality of the process by which the property was seized was unforeseeable. The court concluded that the differences between real and personal property are so substantial that, for the purposes of seizure and forfeiture under federal statutes, the government should not have attempted to avail itself of the procedures provided by the Supplemental Rules. 628 F.Supp. 1467, 1469–70 (S.D.Fla.1986). Second, the court concluded the manner in which the Marshals seized and took control of the subject property was "similarly unjustified." *Id.* at 1470. Finally, the court considered the fact that "[t]he government failed to present even one fact in its complaint to buttress its seizure of the claimants' property of the forfeiture proceedings." *Id.* at 1469.

A.

■ It is clear that the first of these factors considered by the court cannot provide the basis for fee award under the EAJA. 21 U.S.C. § 881(b) provides specifically that property subject to forfeiture "may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules. . . ." It makes no distinction between real and personal property. Former Supplemental Rule C(3), like the current version of the same rule, also lacked such a distinction.[7] Moreover, the district court's position that the Due Process Clause prohibits the seizure of real property (for the purposes of forfeiture) without some preseizure judicial approval has been refuted by this court since the district court's ruling. In *United States v. A Single Family Residence,* 803 F.2d 625 (11th Cir.1986), we held that seizures for the purposes of forfeiture under 21 U.S.C. § 881 "present[ ] an extraordinary situation justifying postponement of notice and hearing." *Id.* at 632 (citing *Calero-Toledo*

*reprinted in* 1985 U.S.Code Cong. & Admin. News at 140 (expressly rejecting the holding in *Ashburn v. United States,* 740 F.2d 843, 849 (11th Cir.1984)); *see also* H.R.Rep. No. 120 at 21, *reprinted in* 1985 U.S.Code Cong. & Admin. News at 149 ("To the extent that amendments made by this Act merely clarify the original Congressional intent in EAJA these amendments will have the effect of informing judicial construction of pre–1985 provisions of EAJA with respect to pending cases.").

6. In *Haitian Refugee Center,* we explained that the test for reasonableness "is more than mere reasonableness." 791 F.2d at 1497. *See also* H.R.Rep. No. 120, 99th Cong., 1st Sess. 9, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 138 ("Because in 1980 Congress rejected a standard of 'reasonably justified' in favor of 'substantially justified,' the test must be more than mere reasonableness."). We cited with approval a three factor test, designed by the D.C. Circuit to assist in the reasonableness inquiry. *Id.* (citing *Spencer v. NLRB,* 712 F.2d 539, 559–60 (D.C.Cir.1983), *cert. denied,* 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984)). Here, the

parties urge us to elaborate further on the meaning of this term but as in *Stratton,* we find such elaboration unwarranted at this time. *See* 827 F.2d at 1450 n. 3.

7. It should be noted that under the current version of Supplemental Rule C(3), forfeiture actions are expressly made an exception to the requirement that *in rem* complaints must be reviewed by a court before an *in rem* warrant for the arrest of the subject property can be issued by a court clerk. Supplemental Rule C(3) reads as follows:

**(3) Judicial Authorization and Process.** *Except in actions by the United States for forfeitures for federal statutory violations,* the verified complaint and any supporting papers shall be reviewed by the court and, if the conditions for an action in rem appear to exist, an order so stating and authorizing a warrant for the arrest of the vessel or other property that is the subject of the action shall issue and be delivered to the clerk who shall prepare the warrant and deliver it to the marshal for service.

Fed.R.Civ.P.Supp. C(3) (emphasis added).

*v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 679–80, 94 S.Ct. 2080, 2089–91, 40 L.Ed.2d 452 (1974); *United States v. $8,850 in United States Currency,* 461 U.S. 555, 562 n. 12, 103 S.Ct. 2005, 2011 n. 12, 76 L.Ed.2d 143 (1983)).[8]

■ In light of the express wording of the statute and Supplemental Rule C(3), it could not have been unreasonable for the government to fail to seek preseizure judicial approval of the *in rem* warrants which authorized the seizure of the subject property. When the government follows the express dictates of a given statute, and there is no reason to believe that such a course is otherwise unauthorized, its position, for the purposes of the EAJA, cannot lack substantial justification. *Porter v. Heckler,* 780 F.2d 920, 923 (11th Cir.1986).

### B.

■ Throughout the course of this litigation, the district court was particularly disturbed by the manner in which the United States Marshals seized and took control of the subject property.[9] The government argues that the court's factual findings with regard to the seizure are clearly erroneous. We need not decide whether these factual findings are supported by the record because we conclude that, *on the facts of this case,* the conduct of the Marshals cannot serve as the predicate "position" of the United States for an award of fees under the EAJA.

As is explained above, Congress has, through the addition of a definition of the term "position," made clear that this term refers to "the action or failure to act by the agency upon which the civil action is based," 28 U.S.C. § 2412(d)(2)(D), as well as the United States' litigation position. The House Report accompanying the 1985 amendments to the EAJA describes this amendment as a

> clarification ... intended to broaden the court's or agency's focus of inquiry for EAJA purposes beyond mere litigation arguments, and to require an assessment of *those government actions that formed the basis of the litigation.*

H.R.Rep. No. 120, 99th Cong., 1st Sess. 12, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 141 (emphasis added). Thus, where the private party opposing the United States is a plaintiff, courts considering the merits of a section 2412(d)(1)(A) petition for fees should consider "the agency [10] action or failure to act *that gave rise to the party's right to bring the action in a federal court.*" H.R.Rep. No. 120 at 13, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 141 (emphasis added). In cases where the private party is a defendant, an examination of the United States' position "necessarily includes an evaluation of the *facts that led the agency to bring the action against the private party* to determine if the agency or government action was substantially justified." H.R.Rep. No. 120 at 13, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 141 (emphasis added).

Applying these principles to this case, we conclude that the conduct of the United

---

8. *Single Family Residence* does not distinguish between seizures of real and personal property under the forfeiture laws. Inasmuch as the case concerned the forfeiture of real property, however, the principles enunciated therein apply with equal force to seizures of both types of property insofar as this circuit is concerned.

9. The district court described the Marshal's conduct this way:

> [they] seized the subject properties and ejected the owners and operators of the Resort, the boat company and the restaurant, along with the guests vacationing there. Among the guests forced to leave were persons participating in the Martin County Teachers Retreat. As the guests left the premises, government agents stopped and searched their vehicles to

make certain that the visitors did not abscond with Resort property.

> Despite the government's retention of a former Resort employee to manage the seized properties, by all indications business there has been severely damaged.

612 F.Supp. at 1494 (footnote omitted), *quoted in,* 628 F.Supp. at 1470.

10. For the purposes of section 2412(d)(1)(A), the terms "United States" and "agency" are interchangeable and can denote "any official of the United States acting in his or her official capacity." *See* 28 U.S.C. § 2412(d)(2)(C); H.R.Rep. No. 120, 99th Cong., 1st Sess. 12–13, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 141.

States Marshals could not constitute "an action ... upon which a civil action is based." Even if we were to construe the term "civil action" liberally so as to include the claimant's emergency motions, the Marshals' conduct, in and of itself, was not what made the filing of these motions "necessary." *See* H.R.Rep. No. 120 at 13, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 141. For the purposes of the EAJA, this litigation was about the government's effort to seek forfeiture of the subject property, not the physical manner in which government agents actually took control of that property. Even if the Marshals did exceed the authority conferred upon them by the *in rem* warrants —a question we do not reach—any redress for this conduct lies elsewhere. *See, e.g., Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (tort action for unconstitutional search or seizure).[11]

### C.

When the government files an *in rem* action for forfeiture, it is obliged to follow Supplemental Rule E(2)(a). This rule provides that an *in rem* complaint "shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." This court has already held that a bare bones complaint similar to the one filed by the government in this case does not meet the requirements of Supplemental Rule E(2)(a). *United States v. $38,000 in U.S. Currency,* 816 F.2d 1538, 1548 (11th Cir.1987).[12] As the court noted, "Supplemental Rule E(2) means precisely what it says: the

government's complaint must contain sufficient facts to enable claimants to commence an investigation of the facts initially alleged and to respond with some degree of particularity." *Id.* (citing *United States v. $39,000 in Canadian Currency,* 801 F.2d 1210, 1216–19 (10th Cir.1986)). Thus the district court was correct in concluding that it could have resolved the underlying merits of this case on the ground that "the government's verified complaint fail[ed] to establish that claimants' property is subject to forfeiture." 612 F.Supp. at 1498.

The question remains whether the district court could have properly made a section 2412(d)(1)(A) award for this reason alone. EAJA fee awards are proper where the government has brought a civil action without conducting a reasonable investigation into the underlying facts. *United States v. Estridge,* 797 F.2d 1454, 1458 (8th Cir.1986). This is implicit in the general principle that in order to demonstrate that its position was substantially justified, the government "must show 'that its case had a reasonable basis both in law and fact.' " *Ashburn v. United States,* 740 F.2d 843, 850 (11th Cir.1984) (quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4984, 4989). As the legislative history of the EAJA indicates,

> Certain types of case dispositions may indicate that the Government action was not substantially justified. A court should look closely at cases, for example, where there has been *a judgment on the pleadings* or where there is a directed verdict.... Such cases clearly raise the possibility that the Government was not substantially justified in pursuing the litigation.

---

**11.** In this regard, it should be noted that unjustified government actions "sounding in tort" cannot serve as the predicate for an EAJA award. *See* 28 U.S.C. § 2412(d)(1)(A).

**12.** We characterized the government's complaint in *$38,000* as follows:

> [It] is completely devoid of factual support for the government's allegation that it has probable cause for forfeiture under section 881. Despite the clear language of Supplemental

> Rule E(2), the complaint contains not even a whiff of evidence to suggest that the currency is in any way linked to [an] exchange of a controlled substance.

816 F.2d at 1548. The government's complaint in this case could not be more aptly described. *Compare* 612 F.Supp. at 1498, Appendix A (setting forth the government's complaint in this case) *with $38,000,* 816 F.2d at 1541 n. 4 (setting forth the government's complaint in *$38,000* ).

H.R.Rep. No. 1434, 96th Cong., 2d Sess. 22, *reprinted in* 1980 U.S.Code Cong. & Admin.News 5003, 5011 (emphasis added).

■ We conclude that potentially unjustified forfeiture actions should be subject to particular scrutiny because, as this court has recently said, "[f]orfeitures are not favored in the law; *strict compliance with the letter of the law by those seeking forfeiture must be required.*" *$38,000*, 816 F.2d at 1547 (emphasis added) (citing *United States v. One 1936 Model Ford V–8 Deluxe Coach*, 307 U.S. 219, 226, 59 S.Ct. 861, 865, 83 L.Ed. 1249 (1939)) (other citations omitted). "[A] section 881(a) forfeiture complaint must allege sufficient facts to provide a reasonable belief that the property is subject to forfeiture...." The government must allege that it has "probable cause to believe that a substantial connection exists between the property to be forfeited and the exchange of a controlled substance." *$38,000*, 816 F.2d at 1548. We hold that when the government fails to comply with this most basic requirement, its position in bringing a section 881 forfeiture action cannot be substantially justified. In other civil actions, the government will not ordinarily incur liability for attorney's fees by merely filing a defective complaint. We emphasize again, however, that forfeiture actions are unique. Supplemental Rule C(2) requires that a forfeiture complaint "be verified on oath or solemn affirmation." Fed.R.Civ.P.Supp. C(2). This requirement is particularly important because once the complaint is filed, the government immediately acquires the right to take control of the subject property. *See* Fed.R.Civ.P.Supp. C(3) (upon filing of forfeiture complaint, clerk shall "forthwith" issue *in rem* arrest warrant). The solemnity of the filing and the government attorney's verification of the pleadings is the only preseizure assurance that the government has probable cause to seek forfeiture. The rule requiring allegations of probable cause is therefore essential if the government is to make use of the process provided by the Supplemental Rules without causing serious Fourth Amendment problems to arise.[13]

■ We have considered the government's argument that the district court abused its discretion in refusing to permit the government to demonstrate *in camera* and *ex parte* that its attempt to seek forfeiture of the subject property was substantially justified. In light of our discussion of the rule requiring verified allegations of probable cause, we must disagree. Moreover, we note that pursuant to the 1985 amendments to the EAJA, *see* note 5, *supra*, a court must determine whether the United States position was substantially justified "on the basis of the record ... which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). Congress added

---

**13.** The language and structure of section 881(b) reveal that Congress was particularly concerned with conforming the statute to the Fourth Amendment's warrant and probable cause requirements:

> **(b) Seizure pursuant to Supplemental Rules for Certain Admiralty and Maritime Claims; issuance of warrant authorizing seizure**
>
> Any property subject to civil forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property, except that *seizure without such process may be made when—*
>
> (1) *the seizure is incident to an arrest or a search under a search warrant* or an inspection under an administrative inspection warrant;
>
> (2) the property subject to seizure has been the subject of a prior judgment in favor of the United States in a criminal injunction or forfeiture proceeding under this subchapter;
>
> (3) the *Attorney General has probable cause* to believe that the property is directly or indirectly dangerous to health or safety; or
>
> (4) the *Attorney General has probable cause* to believe that the property is subject to civil forfeiture under this subchapter.
>
> In the event of seizure pursuant to paragraph (3) or (4) of this subsection, proceedings under subsection (d) of this section shall be instituted promptly. The Government may request the issuance of a warrant authorizing the seizure of property subject to forfeiture under this section in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure.

21 U.S.C. § 881(b) (emphasis added).

this language to ensure that "the 'substantial justification determination' will not involve additional evidentiary proceedings or additional discovery of agency files, solely for EAJA purposes." H.R.Rep. No. 120, 99th Cong., 1st Sess. 13, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 142. Accordingly, it could not have been an abuse of the district court's discretion to reject the government's *in camera* and *ex parte* proffer.

## III. SECTION 2412(b)

As noted above, the district court also relied upon 28 U.S.C. § 2412(b) in awarding attorney's fees to the owner/claimants. This portion of the EAJA provides that

Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, ... to the prevailing party in any civil action brought by or against the United States.... The United States shall be liable to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

This statute permits a court to make a discretionary award of attorney's fees in accordance with the longstanding common law exceptions to the "American rule" that each party must bear its own costs. Thus, the United States is liable for attorney's fees in those instances where the "bad faith," "common fund," and "common benefit," exceptions to the "American rule" would apply to any other civil litigant. In addition, the United States is liable "under the same standards which govern awards against other parties under *Federal statutory exceptions,* unless the statute expressly provides otherwise." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 17, *reprinted in* 1980 U.S.Code Cong. & Admin.News at 4984, 4996 (emphasis added).

The district court found that Rule 11 of the Federal Rules of Civil Procedure could serve as the necessary statutory base for an award of attorney fees under section 2412(b). Specifically, the court indicated that the government's failure to conduct a reasonable inquiry before filing its forfeiture complaint, and its subsequent offer to demonstrate *in camera* that the complaint had an appropriate basis in fact "violate[d] both the spirit and the letter of Rule 11." [14] 628 F.Supp. at 1471.

■ The government argues that section 2412(b) does not authorize courts to make a Rule 11 fee awards against the United States because the Rule is not a "statute." We decline to resolve the question whether Rule 11 can serve as a "statute" for the purposes of section 2412(b) because we have concluded that the same type of litigant behavior with which the district court was concerned, is covered, when proved, by section 2412(d)(1)(A). As noted above, any examination of the United States' position "necessarily includes an evaluation of the facts that led the agency to bring the action against the private party." In other words, when a court determines that the United States failed to conduct a reasonable inquiry into the viability of a given civil action, the United States' "position" with regard to the filing of that action would not be substantially justified. In such a circumstance, the opposing party would be entitled to a section 2412(d)(1)(A) fee award. An award of this nature is not, in contrast with awards pursuant to section 2412(b), discretionary. On the facts of this case, it would therefore be inappropriate to decide whether Rule 11 can serve as a statutory base for a section 2412(b) award.

## IV. CALCULATION OF EAJA FEES

The district court's fee award of $17,100 was based on sixty hours of work by one

---

**14.** Rule 11 provides as follows:

The signature of an attorney or party [on all papers filed with the court] constitutes a certificate by the signer that the signer has read the [paper]; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry *it is well grounded in fact and is warranted by existing law,* ... and that it is not interposed for any improper

purpose.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include ... a reasonable attorney's fee.

Fed.R.Civ.P. 11 (emphasis added).

attorney at a $160.00 hourly rate, and sixty hours of work by another attorney at a $125.00 hourly rate. The EAJA contains a ceiling of $75.00 per hour for attorney fees but permits a court to award a fees in excess of this rate where "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2(d)(2)(A).

██ The government challenges the award of hourly rates in excess of the qualified $75.00 ceiling and argues that the district court's reliance on the factors enunciated in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974) [15] is misplaced. This court has held that the *Johnson* factors are to be applied in calculating an EAJA fee award, *see Florida Suncoast Villas, Inc. v. United States,* 776 F.2d 974, 975–76 (11th Cir.1985), but the district court apparently concluded that certain of the *Johnson* factors could automatically qualify as "special factors" which justify an hourly rate in excess of the EAJA ceiling. *See* 628 F.2d at 1472. In view of the fact that the EAJA represents a partial waiver of the United States' sovereign immunity, we think it inappropriate for a court to treat any given factor as "special" within the meaning of the EAJA unless it explains its reasons for doing so.[16] Accordingly, on remand, the district court shall be obliged to reconsider the quantum of its award. The court should articulate clearly its reasons for finding the presence of any special factor.

The district court's award of EAJA fees is VACATED and the case is REMANDED for proceedings consistent with this opinion.

VACATED and REMANDED.

---

**15.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (in banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

**16.** Neither the statute's language nor its history are helpful in determining what constitutes a special factor. *See* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 15, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4984, 4994 (special factors "include, but are not limited to, an increase in the cost of living or a limited availability of qualified attorneys with a [given] expertise").

The district court should note that the Supreme Court may soon resolve the questions concerning the use of special factors in awarding fees at an hourly rate which exceed the $75.00 ceiling. *See Pierce v. Underwood,* —— U.S. ——, 107 S.Ct. 2177, 95 L.Ed.2d 834 (1987) (granting certiorari in *Underwood v. Pierce,* 761 F.2d 1342 (9th Cir. 1985). The Court has already heard argument in *Pierce* on the question whether a district court properly made an award in excess of the hourly rate specified in the EAJA on the basis of special factors. *See* 56 U.S.L.W. 3434 (Jan. 5, 1988).