UNITED STATES of America, Plaintiff,

v.

ONE RURAL LOT, etc., Defendant.

Civ. No. RLA 89–0173 (JAF).

United States District Court,
D. Puerto Rico.

Aug. 7, 1991.

Miguel A. Fernández, Asst. U.S. Atty., Civil Div., Daniel F. López–Romo, U.S. Atty., San Juan, P.R., for plaintiff.

Irma R. Valldejuli, San Juan, P.R., for claimant Alejandro López.

## AMENDED OPINION AND ORDER [1]

FUSTE, District Judge.

On February 10, 1989, the government filed an action for civil forfeiture against certain properties pursuant to 21 U.S.C. 881(a)(6).[2] Claimant Alejandro López, incarcerated in a New York State prison, contested the forfeiture action *pro se* and requested that counsel be appointed. On September 13, 1989, United States District Court Judge Raymond L. Acosta dismissed López' claim and entered a decree forfeiting defendant properties free of liens to the United States. Claimant appealed. The United States Court of Appeals for the First Circuit vacated the district court's judgment and ordered the lower court to allow López' motion to proceed *in forma pauperis* and to request appointment of counsel pursuant to 28 U.S.C. § 1915(d). *See U.S. v. One Rural Lot,* 915 F.2d 1556, No. 89–2072 (1st Cir.1990) (unpublished opinion). On remand, Judge Acosta appointed counsel for claimant and an answer was filed.

Subsequently, the case was reassigned to this court and an in-chambers status conference was held on December 26, 1990. The court heard the respective arguments of the parties and ironed out an agreement based on the following. If the claimant or his relatives could prove that legal monies were used in the purchase of the properties, then the government would recognize this fact and the proceeds of the sale of the properties would be divided accordingly. The parties were granted thirty days to explore the possibility of settlement. After the parties moved the court for a continuance, a subsequent status conference was held on February 8, 1991 and the parties informed the court that the parties had come to an agreement and the case was now settled. On March 25, 1991, the parties filed a Stipulation for Consent Decree settling the action and dividing the proceeds of the sale of the properties between the government and various members of claimant's family.

Before the court is claimant's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412. The government opposes claimant's motion arguing both that plaintiff was not a "prevailing party" within the meaning of the EAJA and that the government's position was substantially justified. After a careful review of the record before us and conscious that we were assigned the case well after the commencement of the action, for the reasons stated below, we find (a) that claimant was a "prevailing party" pursuant to the EAJA; and (b) that the government's position was not substantially justified. We therefore award to claimant attorney's fees and expenses in the amount of $6,327.04.

## I.

*Claimant's Eligibility for Attorney's Fees Under the EAJA*

■ The EAJA, in relevant part, provides:

> exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

> 21 U.S.C. § 881(a)(6).

---

1. Because we wish to specify in greater detail the facts of the settlement agreement between the parties based on in-chambers discussions held at status conferences, we issue this Amended Opinion and Order.

2. Section 881(a)(6) provides:
   (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
   . . . .
   (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in

Except as otherwise specifically provided for by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any cost awarded pursuant to subsection (a), incurred by that party in any civil action (other then cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The United States Supreme Court has recently listed the four eligibility requirements under the EAJA:

(1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Commissioner, I.N.S. v. Jean,* — U.S. —, —, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990); *Tapia Trinidad v. Secretary of Health and Human Services,* 935 F.2d 13, 15–16 (1st Cir.1991). Here the government challenges both the "prevailing party" and the "substantially justified" conditions. We will treat each *seriatim.*

### A. *Prevailing Party*

The government argues that claimant is not a "prevailing party" in this action. They cite the standard for a "prevailing party," first enunciated in *Nadeau v. Helgemoe,* 581 F.2d 275, 278–279 (1st Cir. 1978), and adopted by the United States Supreme Court in *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Plaintiffs are a "prevailing party" where they have "suc-

ceed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Plaintiff then argues that claimant did not succeed on any significant or substantive issue since settlement negotiations produced a consent decree. We disagree.

■ Here, from the moment that claimant first appeared *pro se* in the action, the following events transpired. Claimant filed numerous letters to the court explaining that he was incarcerated in New York State; that he himself was not capable of proceeding *pro se;* and that he had no money to hire counsel. The judge originally assigned the case denied his request for counsel and entered a decree forfeiting the property to the government. Claimant appealed *pro se* and prevailed at the appellate level as the First Circuit remanded and ordered a readjudication of the forfeiture action and assignment of counsel. After counsel was appointed (and the action was transferred to this judge), instead of a second decree of forfeiture being entered, the parties settled. The agreement called for a division of $110,000, the proceeds of the sale of the properties, whereby claimant's family members divided $65,000 while the government received $45,000.[3] Also, the government assumed the costs of custody, maintenance, and disposition of the property.

■ We think that the above-recited facts clearly demonstrate that claimant meets the "prevailing party" standard. Claimant went from having the property forfeited to the ultimate resolution where family members received almost 60% of the proceeds of the sale of the properties. The fact that this result was arrived at through negotiation and settlement rather than litigation has no bearing as to whether plaintiff "prevailed" in the action. *See Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980); *Nadeau,* 581 F.2d at 279 ("It is abundantly clear and the Senate Report specifically states that in general 'parties may be considered to have

---

**3.** According to claimant, originally there was a $100,000 option (presumably to buy) the forfeited properties. After negotiation by the parties, including the prospective buyer, the final price agreed upon was $110,000.

prevailed when they vindicate rights through a consent judgment or without formally obtaining relief.' [Citations omitted]"). We therefore, find that claimant was a prevailing party in the action.

### B. *"Substantially Justified"*

█ The government also argues that its position was "substantially justified" in that it had a reasonable basis in law and in fact and that, therefore, claimant was not entitled to fees under the EAJA. As proof, the government points to the findings of probable cause, first by the magistrate and then by the district judge, as well as other circumstantial evidence. Again, recognizing that this judge was recently assigned the case well after its commencement, we find that the government has not met its burden of proof and rule that the government's position was not "substantially justified" within the meaning of the EAJA.

In *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988), the Court discussed the "substantially justified" standard.

> We are of the view, therefore, that as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main"—that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. [Citations omitted].

*See United States v. Yoffe*, 775 F.2d 447, 449–50 (1st Cir.1985) ("The test breaks down into three parts: did the government have a reasonable basis for the facts alleged; did it have a reasonable basis in law for the theories advanced; and did the facts support the theory."); *De Allende v. Baker*, 891 F.2d 7, 11–12 (1st Cir.1989). The government has the burden of proving "substantial justification" by a preponderance of the evidence. *De Allende*, 891 F.2d at 12; *McDonald v. Secretary of Health &*

*Human Services*, 884 F.2d 1468, 1475–76 (1st Cir.1989); *Yoffe*, 775 F.2d at 450.

Here, the only evidence produced by the government in support of its position consists in the allegations in the verified complaint and the findings of probable cause by the Magistrate–Judge and Judge Acosta. In the complaint, the government alleged extensive facts about claimant's criminal activities in New York which resulted in his conviction on narcotics-related charges. Among the allegations pertinent to the forfeiture inquiry were: that claimant headed a cocaine organization for fifteen years and, based on his own statements to law enforcement officials and his criminal record, the properties in question were purchased with proceeds related to narcotics trafficking (*Complaint* ¶ 6); claimant was arrested at one of the defendant properties (*Complaint* ¶ 23); claimant's statement that his family and home is in Puerto Rico (*Complaint* ¶ 24); his discussion with FBI agents about animals that he maintained on the defendant property in Isabela, Puerto Rico (*Complaint* ¶ 25); his prior arrests for narcotics-related offenses dating back to 1973 (*Complaint* ¶ 28); and the fact that defendant properties were purchased in Puerto Rico (*Complaint* ¶ 29).

Claimant, in his motion to dismiss (Docket Document No. 33) and in his fee application, added additional facts. The properties were purchased in 1983 and 1984, allegedly financed through a loan from his father and income from a business. The criminal conduct for which claimant was convicted occurred in 1985–1986. The 1983 narcotics arrest was dismissed after finding that evidence was obtained through an illegal search and seizure and the 1973 charge was dismissed by a grand jury. Again, in their opposition, the government does not dispute these facts.

The Court of Appeals, while not ruling on the merits as to whether probable cause existed for the forfeiture of the properties, noted that it had "serious questions about the strength of the government's case," slip op. at 11–12, and opined that in other forfeiture cases the government has come forward with stronger circumstantial evi-

dence linking the property to be forfeited with the drug proceeds. Slip op. at 13. *See United States v. $250,000 in United States Currency,* 808 F.2d 895, 898–99 (1st Cir.1987). We are in accord with the Court of Appeals that the facts presented, both before appeal and upon remand, present a close call as to whether probable cause does exist. However, since a ruling on the merits was never made, we can only look to the undisputed facts before us to determine whether the government's position was substantially justified.

Looking at the evidence, we find that the government has not carried its burden of proof. Specifically, we find that the government did not have a reasonable basis in fact for bringing this action. The government here has not challenged claimant's version of the facts as to the dates and financial arrangements involved in the purchase of the properties. Nor has the government come forward with any evidence that might demonstrate that *it* had a substantial factual basis for bringing the action. No transcripts, affidavits or other evidence were submitted by the government. Further, the facts as to claimant's prior "criminal history" and dates of purchase were known to the government prior to the filing of the forfeiture complaint but were not alleged. There were only general allegations linking the drug activity in New York and the properties in Puerto Rico. These facts lead us to the conclusion that the government's position did not have adequate factual support. *See United States v. Certain Real Property Located At 4880 S.E. Dixie Highway,* 838 F.2d 1558, 1563 (11th Cir.1988) ("EAJA fee awards are proper where the government has brought a civil action without conducting a reasonable investigation into the underlying facts").

Also, the nature of the settlement agreement weighs in favor of finding for claimant. In the in-chambers discussion before this court, the Assistant United States Attorney represented that if claimant or his relatives could prove that the properties were purchased with moneys not connected to drug proceeds, the government would not seek forfeiture of such sums. The resulting settlement gave claimant's relatives 60% of the proceeds, presumably because claimant came forth with the necessary proof. While this court is well aware of the language of *Pierce* which cautions courts from using the fact of settlement, without inquiry into the reasons, to establish whether the government's position was substantially justified, 487 U.S. at 568, 108 S.Ct. at 2551, we are also mindful of the legislative history of the EAJA which recites:

> Certain types of case dispositions may indicate that the government action was not substantially justified. A court should look closely at cases, for example, where there has been a judgment on the pleadings or where there is a directed verdict.... Such cases clearly raise the possibility that the Government was not substantially justified in pursuing the litigation.

H.R.Rep. No. 1434, 96th Cong., 2d Sess. 22, *reprinted in* 1980 U.S.Code Cong. & Admin.News 5003, 5011; *see Dixie Highway,* 838 F.2d at 1565–66. Under such circumstances, where it is the weakness of the government's bases in fact rather than questions of law which are at issue, *see Pierce,* 487 U.S. at 568–69, 108 S.Ct. at 2551–52, disposition at an early stage of the proceedings tends to show the weakness of the government's position.

Therefore, we conclude that the government's position was not "substantially justified" and that the claimant is entitled to fees and expenses under the EAJA.[4]

---

**4.** While not basing our decision on this ground, we simply note here that the court is aware that the Court of Appeals allowed claimant to proceed *in forma pauperis* and ordered appointment of counsel. The settlement award gave claimant none of the proceeds. Presumably, claimant remains indigent. If this court would have found that claimant was not entitled to attorney fees under the EAJA, then counsel for claimant would have been put in the difficult position of being a court-appointed counsel whose client prevailed in the action and yet, because of the client's indigence, would receive no fee.

## II.

### *Calculation of EAJA Fees and Costs*

Having found that claimant is eligible for fees and costs, we now calculate the appropriate amounts.

Claimant has submitted a detailed fee application for attorney Valldejuli. He seeks a fee award of $5,493.75 based on 73.25 hours at the statutory rate of $75.00 per hour. Also, he seeks $833.29 in expenses for lodging and travel expenses incurred when counsel traveled to New York to interview claimant and other family members. The government has made no challenge to the amounts requested in claimant's fee application.

We, therefore, make the following findings.

■ As to the fee, we find that both the hourly rate of $75.00 and the number of hours expended in litigation are reasonable. Here, counsel was representing a party incarcerated in a New York prison. Numerous family members, both in Puerto Rico and in New York, had to be interviewed. Also, as stated above, the efforts expended by counsel focused on gathering evidence to demonstrate the sources of financing for the properties, an activity that normally requires a significant expenditure of attorney time. Therefore, in accord with precedent, *see Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939; *Grendel's Den Inc. v. Larkin*, 749 F.2d 945 (1st Cir.1984), we find that the "lodestar" figure, multiplying the number of hours reasonably expended by a reasonable hourly rate, provides the reasonable fee in this case and therefore award attorney's fees to claimant in the amount of $5,493.75.

Claimant also requests $833.29 in expenses. This amount represents the cost of transportation from New Jersey to the prison in New York state and two nights lodging in New York. The language of section 2412 allows for the payment of other expenses, 28 U.S.C. § 2412(d)(1)(A), subject to the limitation that these expenses be incurred as "necessary for the preparation of the party's case." 28 U.S.C. § 2412(d)(2)(A). In *Jean v. Nelson*, 863 F.2d 759, 776–778 (11th Cir.1988), *aff'd sub nom., Commissioner, INS v. Jean*, —— U.S. ——, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), the court recognized that certain items, including attorney travel expenses, are reimbursable under the EAJA.

■ Here, we find that the circumstances of this case allow for reimbursement of counsel's expenses. Both claimant and other family members lived in New York. Claimant was incarcerated and could not come to Puerto Rico. It seems most reasonable that counsel wished to meet face-to-face with claimant to prepare his case. Therefore, we find that the travel expenses incurred were necessary for the preparation of claimant's case and are, therefore, reimbursable under section 2412. We therefore reimburse claimant $833.29 in expenses.

## III.

### *Conclusion*

We find that claimant is entitled to attorney's fees and expenses under the EAJA.

We award the claimant fees and expenses in the amount of $6,327.04.

IT IS SO ORDERED.