On the basis of the foregoing, IT IS HEREBY ORDERED that plaintiffs' request for a temporary restraining order or preliminary injunction shall be and it is denied.

UNITED STATES of America, Plaintiff,

v.

ONE PARCEL OF PROPERTY LOCATED AT 5854/56 TERRY, ST. LOUIS, MO., etc., Defendant.

No. 91–1873–C(5).

United States District Court, E.D. Missouri, E.D.

Jan. 5, 1993.

Raymond M. Meyer, Asst. U.S. Atty., St. Louis, MO, for plaintiff.

Anthony J. Sestric, Sr., Managing Partner, Sestric and Garvey, Gregory G. Fenlon, Godfrey and Fenlon, St. Louis, MO, for claimants.

## MEMORANDUM

LIMBAUGH, District Judge.

This matter is before the Court upon claimants' Motion to Quash Seizure Warrant and to Dismiss Forfeiture Action. In the above-styled cause, plaintiff instituted a forfeiture proceeding against the defendant property pursuant to the Comprehensive Drug Abuse and Control Act of 1970. A seizure warrant was issued pursuant to Fed.R.Crim.Pro. 41 based upon an *ex parte* determination by a judicial officer. Claimants Eddie Keeper and Mary Keeper, purported owners of the defendant real estate, have moved to quash the seizure warrant arguing that a preseizure hearing with notice is warranted under the circumstances and to dismiss the forfeiture action arguing that the Complaint fails to state with particularity the circumstances from which the claims arises.

### I. Motion to Dismiss

Claimants allege that the Complaint has failed to meet the particularity requirements stated in Admiralty and Maritime Claims Rule E(2)(a). More specifically, claimants argue that the facts stated in the Complaint are not sufficient to allow claimants to commence an investigation of the facts, and to frame a responsive pleading. The Court disagrees with claimants.

Plaintiff's Complaint states with sufficient particularity the circumstances giving rise to the seizure of the defendant property and the probable cause to believe it was connected to a violation of the Controlled Substance Act. Supplemental Rule E(2)(a) requires that the Complaint state the circumstances with such particularity that the claimant will be able to commence an investigation of the facts and to frame a responsive pleading. Plaintiff's Complaint contains the following factual information in paragraphs five and six:

5. During the month of May, 1991, Detectives of the St. Louis Police Department were conducting an investigation of cocaine and PCP sales from the residence located at 5854 Terry. A confidential informant indicated to the police that the residence at 5854 Terry was used to sell narcotics, and that the residence at 5856a Terry was a "safe house" to store narcotics, so that if the police raided the residence at 5854 Terry, no narcotics would be found.

6. On May 6, 1991, a state search warrant was obtained by a Detective for 5854 Terry and 5856a Terry, the defendant property. During the execution of the search warrant at 5854 Terry Avenue, Detectives found under a mattress in a rear bedroom twenty eight (28) packets of cocaine base (crack) with a weight of approximately 5.85 grams. Also found on Eddie Keeper were six zip lock bags of cocaine base (crack) weighing approximately 1.56 grams. The search at 5856a Terry Avenue uncovered approximately 1,010.65 grams of powder cocaine from a closet.

The plaintiffs have alleged sufficient facts with sufficient particularity to allow claimants to file a responsive pleading and claimants have done so. On September 20, 1991, they filed a Claim for Property and on October 4, 1991, they filed their Answer to the Complaint.

Claimants also allege that the Complaint creates a "prejudicially ambiguous reference in that there are two distinct Eddie

Keepers, the older one who was arrested, tried and convicted for possession of the contraband mentioned in this complaint, and who is now serving time, and the younger Eddie Keeper who owns the property jointly with his mother." This action, however, is an *in rem* action against the defendant real property, and is not against any person with the name of Eddie Keeper. There is nothing ambiguous about the type and quantity of the controlled substance found in the defendant real property, which is the subject of this forfeiture action.

Thus, it is the opinion of this Court that claimants' Motion to Dismiss should be denied because plaintiff's Complaint states with sufficient particularity the facts to allow claimants to commence an investigation and to file a responsive pleading.

### II.  Motion to Quash

■ On September 12, 1991, plaintiff instituted forfeiture proceedings against the defendant property pursuant to the Comprehensive Drug Abuse and Control Act of 1970, 21 U.S.C. § 801, *et seq.,* (as amended) for the purpose of seizing real property allegedly used or intended to be used to facilitate the sale of controlled substances. Section 881(a)(7) of the Act provides in pertinent part:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them:

> \*       \*       \*       \*       \*       \*

> (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land, any appurtenances or improvements, which is used or intended to be used, in any manner or part to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment....

Section 881 of the Act does not contain specific procedural rules for use in civil forfeiture proceedings, but rather incorporates procedural rules of more general application. Section 881(b) directs that seizure may be had "upon process issued pursuant to the Supplemental Rules for Certain Admiralty Claims." These Admiralty Rules do not require that a warrant be obtained on a showing of probable cause before the forfeiture action is taken. Alternatively, § 881(b) authorizes the government to proceed by requesting the issuance of a seizure warrant pursuant to Fed.R.Civ. Pro. 41. That Rule requires that an *ex parte* determination be made by a judicial officer before a warrant for the seizure of property is issued. It is the latter procedure which claimant contests. On September 12, 1991, plaintiff obtained an *ex parte* seizure warrant from United States Magistrate Judge Carol E. Jackson in order to seize the defendant real property.

Claimants argue that the preseizure hearing requirements set forth in *United States v. The Premises and Real Property at 4492 South Livonia Road,* 889 F.2d 1258 (2d Cir.1989), *reh'g denied* 897 F.2d 659 (2nd Cir.1990) should be applicable to the present action. There would appear to be a split of authority between the Circuits as to this issue. In *Livonia Road,* the Second Circuit Court of Appeals held that preseizure notice and opportunity for an adversarial hearing prior to seizure was required absent exigent circumstances. *Id.* at 1264–65. In *Application of Kingsley,* 802 F.2d 571, 580, 580–83 (1st Cir.1986), the First Circuit Court of Appeals, indicated, in dicta, that preseizure notice and an adversarial hearing was required absent exigent circumstances. It would appear that the First and Second Circuit Courts of Appeals are the only Courts of Appeals to indicate that preseizure notice and opportunity for an adversarial hearing are necessary absent exigent circumstances.

In *United States v. South Half of Lot 7 and Lot 8, Block 14,* 876 F.2d 1362, 1372 (8th Cir.1989), the Eighth Circuit Court of Appeals expressly declined to take a position with regards to the holding in *Kingsley,* 802 F.2d at 580, 583 that prior to seizing real property for forfeiture, the government must afford the property owners a preseizure hearing unless it was demonstrated that "preseizure notice would likely render the property unavailable for forfeiture and that less restrictive means to protect the legitimate governmental inter-

est in the property do not exist." *Id.* (citation omitted). Furthermore, in *United States v. A Single Family Residence,* 803 F.2d 625, 631–32 (11th Cir.1986), the Court of Appeals for the Eleventh Circuit stated that "seizure for purposes of forfeiture presents an extraordinary situation justifying postponement of notice and hearing." *Id.* (citations omitted). This opinion has been cited by the Eleventh Circuit with approval in *United States v. Prop. Located at 4880 S.E. Dixie Highway,* 838 F.2d 1558, 1561–62 (11th Cir.1988).

In *4880 S.E. Dixie,* the Court specifically refuted the distinction between the seizures of personal property and seizures of real property with respect to procedural due process rights, *Id.* at 1561; unlike the Court in *Livonia Road* who referred to the greater protection under the law given to homes. *Livonia Road,* 889 F.2d at 1264. The Eleventh Circuit stated:

> 21 U.S.C. § 881(b) provides specifically that property subject to forfeiture "may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules...." It makes no distinction between real and personal property.

*4880 S.E. Dixie,* 838 F.2d at 1561 (citations omitted). The Court then added a footnote stating that:

> *Single Family Residence* does not distinguish between seizures of real and personal property under the forfeiture laws. Inasmuch as the case concerned the forfeiture of real property, the principles enunciated therein apply with equal force to seizures of both types of property insofar as this circuit is concerned.

*Id.* at 1562 n. 8. The distinction has also been rejected by the Fourth Circuit Court of Appeals in *United States v. Schifferli,* 895 F.2d 987, 990 (4th Cir.1990). The Court noted that a distinction between homes and other types of property is not valid for purposes of civil forfeiture statute, "because of Congress' unequivocal intent to allow forfeiture of all kinds of real property in order to strip drug dealers of their economic power." In addition the Fourth Circuit has stated in *United States v. Santoro,* 866 F.2d 1538, 1542–43 (4th Cir.1989)

that while the Court recognizes "that the home has a protected place in our jurisprudence ... we cannot sanction a rule that gives favored protection to drug dealers who choose to deal directly from their homes." *Id.* (citations omitted).

Thus, it is the opinion of this Court that claimants' Motion to Quash the Seizure Warrant should be denied because the claimants' constitutional due process rights were not violated by the issuance of an *ex parte* seizure warrant to seize claimants' real property.

### ORDER

In accordance with the Memorandum filed herein this day,

IT IS HEREBY ORDERED that claimants' Motion to Quash Seizure Warrant and to Dismiss Forfeiture Action is DENIED.